## MERCHANTS AND PLANTERS BANK V. T. J. HOLLIS.

### Decided December 17, 1904.

**1.—Mechanic's Lien—Notice—Description of Property.**

A sworn account filed with the county clerk by a mechanic stating that one D. is indebted to the affiant in a stated sum for services performed as a mechanic, and that he is the owner by transfer and assignment of certain other accounts due to laborers, mechanics and artisans for work done for said D., stating the names of such other persons and the respective amounts due them, is not constructive notice to third parties, that a lien was claimed by the affiant on certain property, no mention being made of a lien in the sworn account and no property being specified therein.

**2.—Same—Affidavit—Knowledge and Belief.**

The affidavit was defective in being made to the best of affiant's knowledge and belief, as the affidavit provided for in the statute must be to matters known to the party and be certain and without any modification or qualification. Rev. Stat., arts. 3297, 3298.

Appeal from the County Court of Grayson. Tried below before Hon. G. P. Webb.

*Head & Dillard,* for appellant.—An affidavit of the kind in question which is confined "to the best of affiant's knowledge and belief" is insufficient to fix the lien claimed by plaintiff under our statute. Wilson v. Adams, 15 Texas, 323; Graham v. McCarthy, 69 Texas, 323; Cates v. Mass, 14 S. W. Rep., 1066.

*C. L. Vowell* and *R. L. Caruthers,* for appellee.—The affidavit to the effect that "the above amounts are true and correct to the best of affiant's knowledge and belief" is sufficient, especially where the affiant is asserting rights under assignment specially authorized by the law. Whitsell v. Texas Loan Ag., 27 S. W. Rep., 309, same case 39 S. W. Rep., 194; Schmitt v. Jacques, 62 S. W., Rep., 956; Texas Code Cr. Proc., art. 257 (2); Steagall v. State, 22 Texas Crim. App., 490; Staley v. State, 29 S. W. Rep., 272.

RAINEY, CHIEF JUSTICE.—Appellee, as plaintiff, sued Z. P. Dederick to recover an indebtedness of $767.85 incurred to divers employes and assigned to plaintiff, and to foreclose an alleged laborer's lien under

article 3339b, 2 Sayles' Civil Statutes, as against the said Dederick and appellant bank. A trial before the court on February 5, 1904, resulted in a judgment in favor of plaintiff for the sum of $747.15, and foreclosure of lien against both defendants for the several amounts therein shown, aggregating $519.05, to reverse which this appeal is prosecuted by the bank alone.

The question for consideration is, did the filing of the affidavit fix a lien on the property so as to give the bank notice of the lien?

In order to fix the lien as to purchasers the following affidavit was made and filed for record to wit: "Before me, the undersigned authority, this day personally appeared Tom Hollis, who upon oath says he is an artisan, mechanic and laborer, and that Z. P. Dederick is justly indebted to him in the sum of $88.75 for labor and services performed as such mechanic, artisan and laborer. That said amount is due him at this time, and has *not* been due for more than 30 days from this date, and the said Z. P. Dederick fails and refuses to pay the said amount. That said affiant further states that he is the owner by transfer and assignment of the following accounts, all of which are due laborers, mechanics and artisans for work done and services performed for the said Z. P. Dederick, all which are due and have not been due for more than 30 days, and all of which the said Dederick refuses and fails to pay, to wit: W. D. Hall $13.75; Chas. Bernard $44.40; J. E. Neff $6.25; R. E. Paschall $7.75; S. Traw $5.25; W. R. Rumans $21.15; B. Bond $28.50; Zed Dederick $126.50; Fred Trueman $14.00; J. P. Spangler $21.50; Will Dederick $34.80; Jno. Paul $38.00; Geo. Myers $264.20.

"The affiant further states that the shown amounts are true and correct to the best of his knowledge and belief.

T. J. Hollis.

"Sworn to and subscribed to before me this the 19th day of August, 1903.                          E. P. Ellis, County Clerk,

Grayson County, Texas."

Appellant bank contends that this failed to fix a lien because it does not describe or make any reference to the property on which a lien is sought. It will be noted that said affidavit does not in any way mention property on which labor or services were performed. It does say that Dederick was indebted in certain sums for labor and services performed as mechanic, artisan and laborer, but this is not sufficient to give notice of a lien on the property. The statute evidently contemplates that the "account for services" to be filed should embrace some reference to the property on which labor and services were performed. The term, "account of such services," as used in the statute, means a statement showing the property or article upon which labor and services have been performed and the amount due for same, otherwise it would absolutely fail to give any notice whatever of the mechanic's or artisan's lien.

By inspection of the affidavit in this case no information was conveyed as to a lien being claimed on any property whatever.

The affidavit, we think, was also defective in that it was made "to the best of affiant's knowledge and belief." The affidavit provided for in the statute must be as to matters known to the party and be certain and without any modification or qualification.

It is not shown that the bank had any actual knowledge of the lien, and the affidavit as recorded was not constructive notice.

As to the bank the judgment is reversed and judgment is here rendered in its favor.

*Reversed and rendered.*