JOSEPH W. HEITZ *vs.* JAMES SAYERS and FRANCES T. SAYERS, Owners or reputed owners.

1.  MECHANICS' LIENS—MECHANICS' LIEN LAW STRICTLY CONSTRUED AND PURSUED.

    Mechanics' Lien Law is in derogation of the common law and must be strictly construed and pursued.

2.  MECHANICS' LIENS—TITLE UNDER MECHANICS' LIEN LAW VALID ONLY IF EVERY STATUTORY STEP IN THE PROCEEDINGS HAS BEEN TAKEN.

    The title under Mechanics' Lien Law is purely statutory, and its validity depends on an affirmative showing that every essential statutory step in the creation, contrivance, or enforcement of the lien has been duly taken.

3.  MECHANICS' LIENS—AFFIDAVIT TO STATEMENT OF CLAIM THAT FACTS ARE TRUE TO AFFIANT'S BEST KNOWLEDGE AND BELIEF HELD INSUFFICIENT.

    Affidavit, to statement of claim of corporation claiming mechanics' lien under *Rev. Code* 1915, § 2843, as amended by Act Gen. Assem. April 25, 1917 (29 *Del. Laws, c.* 225), requiring claimant to make affidavit to the truth and correctness of the claim and facts therein stated, reading that the affiant "is the plaintiff in the above-stated cause; that the above statement and facts therein alleged are true to the best of his knowledge and belief," *held* insufficient.

(*April* 18, 1921)

PENNEWILL, C. J., and CONRAD, J., sitting.

*Henry R. Isaacs* for plaintiff.

*James I. Boyce* for defendants.

Superior Court for New Castle County, March Term, 1921.

SCI. FA. SUR. MECHANICS' LIEN, No. 30, March Term, 1921.

Action by Joseph W. Heitz for Mechanics' Lien against James Sayers and another. On exception to sufficiency of the affidavit to the statement of claim. Exception sustained.

The exception was:

"(1)  *  *  *  The claimant has not made affidavit to the truth and correctness of said claim and of the facts stated therein;  (2)  *  *  *  has not made affidavit to correctness of said claim;  *  *  *  (3)  *  *  *  that the affidavit made by the claimant is only to the best of his knowledge and belief."

PENNEWILL, C. J.   The affidavit filed by the claimant in support of the statement of claim is as follows:

"That he is the plaintiff in the above-stated cause. That the above statement and the facts therein alleged are true to the best of his knowledge and belief."

The law provides that—

"The claimant shall make affidavit to the truth and correctness of the said claim and of the facts stated therein." Chapter 225, 29 *Del.Laws*, 725, amending *Rev. Code* 1915, § 2843.

Under this provision the affidavit filed is usually in the following form:

"The above claim and the facts therein stated (and the bill of particulars thereto annexed) are true and correct." 2 *Woolley*, § 1401.

[1, 2]   The question is on the sufficiency of the affidavit filed. A mechanics' lien law is in derogation of the common law, and must, therefore, be strictly construed and pursued. A title under it is purely statutory, and its validity depends on an affirmative showing that every essential statutory step in the creation, contrivance or enforcement of the lien has been duly taken. *Phillips on Mechanics'·Liens*, § 18.

The courts of this state have construed all statutory affidavits strictly and held them insufficient unless they were in conformity with the law. There is even greater reason for strictness in an affidavit filed in a mechanics' lien case.

"Statutory provisions permitting the summary enforcement of private charges, such as mechanics' liens, on property without the consent of the owner or judicial sanction cannot be extended in their operation beyond the plain and fair sense of the terms in which they are expressed." *Phillips on Mechanics' Liens, supra.*

Opinion.

[3]   Does the affidavit in question, in which the affiant swears·
according to the best of his knowledge and belief, meet the re-
quirements of the statutes?. We think not.   The court are of the
opinion that the affidavit is insufficient and the exception should
be sustained.

There can be found some cases, and some statements by text
writers to the effect that an affidavit need not follow the very
words of the statute; it, is sufficient if it is of equivalent import or
effect.   *Story's Adm'r v. Story*, 32 *Ind.* 137; *Stanhope v. Dodge*,
52 *Md.* 483; 1 *R. C. L.* 772; and 2 *Cyc.* 25, and cases there cited.
I have seen no case in which it has been so held where the affidavit
was filed in a mechanics' lien proceeding under a statute like ours.
But there are mechanics' lien cases more in point, in which it was
stated that, where the law requires the claimant to swear that his
statement is true, it is not sufficient to swear according to the best
of his knowledge and belief.

In the case of *Dorman v. Crozier*, 14 *Kan.* 224, the court said:

"An affidavit   *   *   *   verifying a statement of a claim   *   *   *   un-
der the mechanics' lien law   *   *   *   should be sworn to positively.   *   *
An affidavit for such a purpose   *   *   *   stating that 'the facts as
above set forth are true and correct, according to the best of the [affiant's]
knowledge and belief,' without showing that he had any knowledge on the
subject, is not sufficient."

In *Western Plumbing Co. v. Fried*, 33 *Mont.* 7, 81 *Pac.* 394,
114 *Am. St. Rep.* 799, the statute required the statement to be
verified by affidavit; held that an affidavit that the matters and
things therein stated are true to the best of affiant's knowledge,
information and belief was invalid, not being verified in the man-
ner required by law.

In *Merchants', etc., Bank v. Hollis*, 37 *Tex. Civ. App.* 479,
84 *S. W.* 269, the court said:

"The affidavit, we think, was also defective in that it was made 'to the
best of affiant's knowledge and belief.'   The affidavit provided for in the statute
must be as to matters known to the party and be certain and without any modi-
fication or qualification.   It is not shown that the bank had any actual know-
edge of the lien, and the affidavit as recorded was not constructive notice.' '

In 1 *R. C. L.* 772, it is stated that—

"Inasmuch as affidavits upon information and belief cannot supply the place of a positive allegation, affidavits of this nature cannot ordinarily be used except when authorized by statute." (Citations.)

We find no authority in the brief of claimant's counsel that is really in conflict with our conclusion. There are some cases and texts also, as we have said, which hold that an affidavit made on information and belief is sufficient, but on examination it is found that they were made under statutes different from ours, or by courts that have not required such strict compliance with the statutes as the courts of this state have done. In some of the cases the law merely required that the statement should be filed after making oath thereto; that it should be sworn to or verified by the oath of the claimant himself or some credible person for him. Such were the Nebraska and Missouri cases, the strongest cited by claimant. Even in those cases the affidavits might have been held insufficient if the law had required the claimant to swear to the truth and correctness of his claim and the facts therein stated.

Claimant's counsel argues that the affidavit should be held sufficient because the treasurer of a large business corporation could not positively swear to the correctness of the company's claim. The obvious answer to this argument is: (1) That inconvenience, difficulty or even impossibility of complying with the law does not justifiy the court in disregarding it. Such argument would be more properly addressed to the Legislature. (2) That officers of corporations engaged in large business do swear positively when it is required, and rarely, if ever, according to the best of their knowledge and belief in a mechanics' lien case.

The claimant contends that the averment in his affidavit that the "facts therein alleged are true" is equivalent to swearing "to the truth and correctness of the said claim and of the facts stated therein," and some of his cases are in support of such contention.

The court express no opinion on this point, and we do not think counsel for defendant relied much upon it at the argument. When a claimant swears that his claim is true, it would seem to follow that he swears to its truth and correctness, but our decision is based solely on the fact that an affidavit in a mechanics' lien

case in which the affiant swears according to the best of his knowledge and belief is not sufficient.

We regret very much that the claimant in this case must lose his lien because of the insufficiency of the affidavit, because it does not touch the merits of the case at all, and this is unfortunate in any case. ·But under the law as we find it, and the policy of our courts respecting.statutory affidavits, we cannot avoid the decision.

The exception is sustained.