(92 South. 457)

### JOHNSON v. STOCKS. (7 Div. 296.)

(Supreme Court of Alabama. April 20, 1922.)

**Mechanics' liens �köm154(3)—Verification of lien statement held insufficient.**

Verification of contractor's lien statement whereby contractor "deposes and says that the foregoing statement is true, to the best of his knowledge and belief," *held* insufficient.

Appeal from Circuit Court, Etowah County; W. J. Martin, Judge.

Action by O. J. Stocks against Mrs. Nancy Johnson to establish and enforce a vendor's lien for materials furnished. Judgment for the plaintiff, and deefndant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

Motley & Motley, of Gadsden, for appellant.

The verification was insufficient to establish a lien, and the court erred in admitting the statement in evidence. 117 Ala. 587, 23 South. 526; 107 Ala. 531, 18 South. 108. Counsel discuss other matters not treated of in the opinion.

Hood & Murphree, of Gadsden, for appellee.

The verification was sufficient, and no error was committed in its admission. Section 4758, Code 1907; 87 Ala. 458, 6 South. 366; 200 Ala. 591, 76 South. 949.

SAYRE, J. This court has had occasion heretofore to point out that there is no inequity in requiring of the contractor, who would acquire a lien on the land of his debtor under article 1 of chapter 107 of the Code, that he comply strictly, in all matters of substance, with the requirements of the statute, under which alone he may have a lien. Globe Iron Roofing Co. v. Thacher, 87 Ala. 458, 6 South. 366. The verification by the plaintiff of the statement filed in the office of the judge of probate in this case was as follows:

"Before me, L. L. Herzberg, judge of probate, personally appeared O. J. Stocks, and, being duly sworn, deposes and says that the foregoing statement is true, to the best of his knowledge and belief."

On its face this verification was, under the decisions of this court, insufficient, and the statement offered in evidence with this veri-

fication was incompetent. Long v. Pocahontas Coal Co., 117 Ala. 587, 23 South. 526; Florence Building Ass'n v. Schall, 107 Ala. 531, 18 South. 108.

For error in admitting the statement in evidence, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.