WORTH STEEL COMPANY, a corporation of the State of Delaware, defendant below, appellant, *vs.* EDWIN B. LEWIS, trading as Lansdowne Construction Company, plaintiff below, respondent.

1. CONTRACTS—CONSTRUCTION OF BUILDING CONTRACT AS TO TIME OF PERFORMANCE HELD FOR COURT.

The time for completion of a building, as fixed by contract, *held* a question for the court.

2. CONTRACTS—RULE THAT TIME OF PERFORMANCE IS OF ESSENCE INAPPLICABLE, WHERE NO DEFINITE TIME IS FIXED.

The rule that time of performance is of the essence of a building contract cannot be applied, if no definite time is fixed for completion of the work.

3. CONTRACTS—BUILDING CONTRACT HELD NOT TO REQUIRE COMPLETION OF WORK WITHIN CERTAIN TIME.

A building contract providing, in one section, that the builder "agrees to use every endeavor to push the work to an early completion," and, in a later section, that "while it is understood that it may take   *   *   *   three months   *   *   *   it is believed that the job can be finished" by a designated earlier

date, and that the builder "will use every endeavor to accomplish this end," did not require him to complete the work in three months; there being no necessary conflict between the earlier and later sections.

WOLCOTT, Chancellor, and HARRINGTON, J., dissenting.

(*October* 31, 1923.)

WOLCOTT, Chancellor, PENNEWILL, C. J., RICE, HARRINGTON, RICHARDS and RODNEY, J. J., sitting.

*William S. Hilles* for defendant below, appellant.

*H. H. Ward* (of Ward, Gray & Neary) for plaintiff below, respondent.

Writ of error from the Superior Court of New Castle County to the Supreme Court; October Term, 1923.

This action was brought in the court below on a contract, dated August sixth, nineteen hundred and eighteen, for the construction of six double houses on the property of the Worth Steel Company at Claymont, Delaware.

The assignments of error related solely to the construction placed on the contract as to the time of performance, and the failure of the court below to instruct the jury in accordance with the prayers of the defendant.

*Sections* 4 and 13 of the contract were as follows:

"*Section* 4. Party of the first part agrees to use every endeavor to push the work to an early completion, and will have his foreman, Mr. John Murphy, stationed on the job, giving his entire time and attention to this operation."

"Section 13. While it is understood that it may take the party of the first part three months from date to complete this contract, it is believed that the job can be finished complete by not later than September 15, and the party of the first part will use every endeavor to accomplish this end."

*Section* 10 provided, that in case of any delay or disagreement the party of the second part (defendant below) might cancel the contract.

The work was not completed until sixteen months after the making of the agreement.

The first assignment of error, and the only one that need be considered was in the following language:

"That the court below declined to charge the jury substantially in accordance with the prayer of the defendant, 'That the contract in this case

contains an agreement on the part of the plaintiff that it was to be completed within three months from its date, namely, by the sixth of November, nineteen hundred and eighteen."'"

The court, after stating to the jury that the provisions of the contract relating to the time for the completion were *Sections* 4 and 13, gave them the following instructions:

"Construing these two sections together we are not satisfied that they constitute an obligation on the part of the plaintiff to complete the houses three months from the date of.the agreement, or by November 6, 1918; but that they do mean that he was to use every endeavor to push the work to an early completion. If, therefore, you are satisfied from the evidence, in view of the facts and circumstances surrounding the work, that the plaintiff did use every endeavor to push the work to an early completion, and that, notwithstanding such effort upon his part, they could not have been completed before the time they were completed, the plaintiff will have met his full obligation under the contract as to time."

PENNEWILL, C. J., delivering the opinion of the court:

The question presented to the court, is whether the written agreement of the parties meant that the work should be completed in three months, or in the shortest time the builder could complete it by using every endeavor.

The question is not, whether there was a waiver of time limit, shown by the conduct of the defendant subsequent to the making of the contract, but what the intention of the parties was at the time of its execution respecting the time of performance.

[1] Unquestionably it was the duty of the court to construe the contract, and instruct the jury as to its meaning. Manifestly the court below based its construction of the agreement on the language of *Sections* 4 and 13.

If such construction was correct, there is nothing further for this court to consider, because in such case there was no error in the court's charge to the jury. Under such construction there was but one question of fact to be determined, viz.: whether the plaintiff had used its every endeavor to push the work to an early completion. That question was submitted to the jury under proper instructions. Does the contract, on its face, mean what the court below said it meant? We are of the opinion that it does.

[2] While it is true, that the time in which work is to be performed is of the essence of a building contract, such rule cannot be applied if there is no definite time fixed in which the work shall be completed.

[3] The essence of the contract in question, respecting time of performance, is, we think, expressed in *Section* 4, which provides, that the party of the first part shall use every endeavor to push the work to an early completion; and *Section* 13 was not a new and independent stipulation, but the expression of the thought or hope that the work could, if the builder used his every endeavor, be completed in three months.

The parties may have thought that the work could be completed in three months if conditions respecting labor and materials were at all times favorable, and the thought that they might not be, was probably the reason for making the completion of the work dependent on the builder's best endeavor.

Plaintiff in error insists that *Section* 13 contains the real agreement of the parties as to the time in which the work should be performed, and that *Section* 4, an earlier provision, was merely preliminary thereto. The contention is, that said section meant, that the work should be completed in three months, and such time was, therefore, of the essence of the contract. But *Section* 13 does not say the work shall be completed in three months. The most it says, is, that the parties saw no reason, when they made the contract, why it could not be completed in that time. That is very different from an undertaking or agreement that three months should be the limit of performance. The gist of the agreement was, that the builder should complete the work as soon as he possibly could, under the circumstances; the hope was, that it might be done in three months' time or less.

While *Section* 13 is a later provision in the contract than *Section* 4, and might control if the two were clearly conflicting, there is, in the court's opinion, no necessary conflict, because *Section* 13 contains no agreement that the work covered by the contract shall be completed in any definite or fixed time.

Chancellor WOLCOTT and Judge HARRINGTON do not concur in the foregoing opinion construing the contract in question to mean that the contemplated work should be completed as soon as the builder could complete it by using every endeavor. In their opinion the work had to be completed in three months, and such time was, therefore, of the essence of the contract.

The judgment of the court below will be affirmed.