66 So.2d 823 (1953)
HAHN
v.
FREDERICK.
Supreme Court of Florida, en Banc.
July 24, 1953.
Rehearing Denied September 3, 1953.
*824 W.J. Gardiner, Daytona Beach, and Carmelita B. Tartari, De Land, for petitioner.
Murray Sams, De Land, for respondent.
SEBRING, Justice.
This is an original prohibition proceeding wherein the petitioner suggests the disqualification of the respondent to preside further in a pending cause wherein the petitioner is a party, on the ground of the alleged bias of the respondent in favor of the opposite party to the detriment of the petitioner.
As appears from such record as is before us, the petitioner, Hahn, in January 1951, instituted a suit in the Circuit Court of Volusia County, Florida, for the purpose of procuring a decree dissolving a partnership in which he and Charles E. Tribble, the defendant in the cause, were partners, and for the appointment of a receiver and an accounting. During the period of time extending from the date of the institution of suit until May 19, 1953, several orders were made in the cause by Honorable Herbert B. Frederick, resident circuit judge of Volusia County, without any objection to his presiding in the cause being voiced by either the plaintiff or the defendant. On May 19, 1953, the plaintiffs filed a suggestion and affidavit pursuant to the provisions of section 38.10, Florida Statutes 1951, F.S.A., suggesting the disqualification of the resident judge to entertain further jurisdiction of the cause on the ground that the judge was prejudiced against the plaintiff and in favor of the defendant. The circuit judge refused to disqualify himself upon the showing made in the affidavits and this proceeding followed.
Section 38.10, Florida Statutes 1951, F.S.A., provides, in part, that "Whenever a party to any action or proceeding, shall make and file an affidavit that he fears that he will not receive a fair trial in the court where the suit is pending on account of the prejudice of the judge of said court against the applicant, or in favor of the adverse party, such judge shall proceed no further therein * * *. Every such affidavit shall state the facts and the reasons for the belief that any such bias or prejudice exists * * * and the facts stated as a basis for making the said affidavit shall be supported in substance by affidavit of at least two reputable citizens of the county not of kin to defendant or counsel for the defendant * * *." (Emphasis supplied.)
Attached to the affidavit that was presented to the circuit judge as the basis for his disqualification were the affidavits of two reputable citizens of the county who deposed that they were not of kin to either party or his counsel. So far as the same is relevant in this proceeding, the affidavit made by each of the affiants stated: "That he has read the above and foregoing petition; and that the matters therein contained are true to the best of his knowledge, information and belief and that he verily believes that the Honorable Herbert B. Frederick, Circuit Judge * * * for Volusia County, Florida, is prejudiced against Theodore F. Hahn, Jr., M.D., and in favor of Charles F. Tribble, M.D., and that said Theodore F. Hahn, Jr., M.D., will not receive a fair trial before the Honorable Herbert B. Frederick in connection with the above styled case."
It will be observed from a reading of section 38.10, supra, that this statute requires, as a predicate for the disqualification of a judge on the ground of bias or prejudice, that the affidavit filed by the moving party "shall state the facts and the reasons for the belief that any such bias or prejudice exists". It also requires that two affidavits be filed in support of the main affidavit and that "the facts stated as a basis for making the [main] affidavit shall be supported in substance" in these two affidavits.
*825 Where these two requirements are not observed there is no compliance with the statute, and hence there is no valid basis for the disqualification of a judge on the ground of bias or prejudice.
The affidavits attached to the main affidavit do not comport with the statute. They do not support in substance the facts stated as a basis for making the main affidavit. The farthest either affiant goes in supporting the facts stated in the main affidavit is his statement that the facts in the main affidavit are true "to the best of his knowledge, information and belief." Such a statement in an affidavit amounts to no more than a statement that so far as affiant's knowledge goes, the facts are true; but in order to "support the facts in substance," the affidavits must be that affiant has knowledge of the facts and knows them to be true. An affidavit the statements of which are alleged on information and belief is, by the weight of authority, insufficient in any instance where one is required to make affidavit as to the substantive truth of facts stated, and not merely as to good faith. Heitz v. Sayers, 1 W.W.Harr. 221, 31 Del. 221, 113 A. 901; Dyer v. Flint, 21 Ill. 80, 74 Am.Dec. 73; Clarke v. Nebraska Nat. Bank, 57 Neb. 314, 77 N.W. 805; Cook v. Whipple, 55 N.Y. 150, 14 Am.Rep. 202; Miller v. First State Bank & Trust Co., Tex.Civ.App., 184 S.W. 614. 1 R.C.L. 772. This necessarily follows, in our opinion, from the well settled rule that the facts of an affidavit must be stated in a positive, and not a qualified manner. See 1 Am.Jur.Affidavits, sec. 23 and 24.
In the order which the circuit judge entered refusing to disqualify himself in the cause, the judge noted the failure of the affidavits to comply with the statute. We think that under the circumstances he ruled quite correctly in refusing to disqualify himself on this ground and hence, without regard to any analysis of the alleged facts contained in the main affidavit, which the trial judge ruled upon and found to be insufficient, as do we, we must hold that under the showing made no predicate for the issuance of a writ of prohibition has been shown and hence that the petition should be denied.
Accordingly, the petition for the issuance of a writ of prohibition is denied and the cause is dismissed at the cost of the petitioners.
ROBERTS, C.J., and THOMAS, HOBSON, MATHEWS and DREW, JJ., concur.
TERRELL, J., dissents.
TERRELL, Justice (dissenting).
In my judgment the trouble with the majority opinion is that it proceeds on the wrong theory and necessarily leads to the wrong conclusion. In the first place any statute regulating the disqualification of judges is for the benefit of the litigant and should be so construed. Such statutes proceed on the theory that every litigant in a cause is entitled to the cold neutrality of a trial judge, and being so, they should not be read in a vacuum, divorced from the human element, but they should be read and interpreted to give the relief for which they were designed. The primary requirement of the affidavit is to show that the litigant "fears" that he will not receive a fair trial in the court where the cause is pending on account of the prejudice of the judge.
True, the statute requires the affidavit to state the "facts and the reasons" for affiant's belief that the judge is prejudiced, but I find no requirement that the main affidavit or the supporting affidavits state that "affiant has knowledge of the facts and knows them to be true." When the statute is limited to a showing of a "fear" of prejudice, it would hardly be consistent to require an affidavit to be made on the theory that affiant knows the statements therein to be true. That the affidavit be made in "good faith" is, in my judgment, all that the statute requires. It would be ridiculous for the statute to require more. Who can look into a litigant's mind and interpret his feeling?
Stripped of immaterialities, the gist of the affidavit in question is that for many years there has existed in Volusia County a *826 "political faction" with which the judge whom he seeks to disqualify and his adversary in this litigation are affiliated and that said judge, his adversary and his adversary's attorneys, are not only affiliated with said "political faction," but that they are close social, professional and political friends. Other allegations of the affidavit tend to strengthen these charges. Then the implications that arise from them are important.
To what extent these allegations are true we are not concerned. The point of inquiry here is whether or not they are sufficient to plant a "fear" in the mind and conscience of petitioner that he will not receive a fair trial before the judge against whom they are directed. So far as the record in this case discloses, the petitioner and his adversary are men of the highest character and professional integrity. Experience demonstrates that such men are very loath to attempt to disqualify a judge. In the thirty years I have been on this Court, only one attempt has been made to disqualify one of its justices and the instances are exceedingly rare in which attempt to disqualify a circuit judge has reached this Court. Where their qualification has been challenged, they have as a rule gracefully recused themselves and retired from the case. This is as it should be because such charges are disagreeable to raise, they are distasteful to resist and they are offensive to prove. In the Circuit where this case comes from there are two other Circuit Judges and no reason whatever is pointed out why one of them could not hear the case. No Judge should insist on sitting in a case where his neutrality is seriously questioned.
The law of this state does not contemplate that a litigant be required to submit his case to a judge who he "fears" is prejudiced against him or in favor of his adversary. The knowledge that his adversary and the judge belong to the same "political faction," enjoy frequent social intercourse, besides going and coming together in company with his adversary's counsel, is plenty to create a "fear" that he will not receive a fair trial, particularly where these considerations are fortified by other innuendos in the affidavit and the implications that flow from them. The term "political faction" or political ring carries with it evil omens and portents that are the very antithesis of fair trial. Ogles and side glances may defeat justice as effectively as the spoken word.
Disqualification statutes are in derogation of the common law and should be liberally construed. This Court is committed to the doctrine that if there is a modicum of prejudice shown, the judge should recuse himself. The code of Ethics condemns and prohibits every species of political alliance on the part of a judge. Every principle and teaching of the legal profession requires that judges abstain from and practice a lofty detachment from political intrigue. We subtract from the luster of the bench when we violate this tradition. I think we are confronted with ample showing of "fear" of prejudice and that respondent should recuse himself.
I therefore dissent.