THE MAYOR AND COUNCIL OF WILMINGTON, a Municipal Corporation of the State of Delaware, Appellant, Defedant-Below, v. SAINT STANISLAUS KOSTKA CHURCH, WILMINGTON, DELAWARE, a religious corporation organized February 3, 1913, pursuant to the provisions of Vol. 19, *Laws of Delaware*, Chapter 599, (Title 27) Ch. 1, Sec. 113, *Delaware Code of* 1953, Appellee, Plaintiff-below.

(*October* 25, 1954.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*William F. Lynch, II*, attorney for appellant.

*Stewart Lynch* and *Alfred R. Fraczkowski*, attorneys for appellee.

Supreme Court of the State of Delaware, No. 23, 1954.

WOLCOTT, J.:

The question presented by this appeal is whether or not the rectory of Saint Stanislaus Kostka Church, a religious corporation (hereinafter referred to as The Church), is subject to taxation by the Mayor and Council of Wilmington, a municipal corporation chartered by special act of the General Assembly (hereinafter referred to as The City).

This litigation commenced with the filing of a complaint for declaratory judgment by The Church asking that certain tax assessments made upon its rectory building be declared void. The parties entered into a stipulation of facts. The court below entered a declaratory judgment to the effect that the tax assessments made by The City on The Church's rectory building are void and of no effect. From this judgment The City has appealed.

The Church owns in Wilmington an entire city block on which are erected a church building, a convent, a parochial school building and a rectory. The City concedes that, except for the rectory, The Church's buildings are free from city taxation.

The rectory building is used by The Church for the following purposes: living quarters for the priests serving the parish; the business office of the parish; the filing and storage of official church records; a place in which on occasion the Roman Catholic Sacraments of Baptism, Confession and Marriage are administered; a meeting place for the supervision of the parish's charitable activities; a meeting place for the Pastor to consult with individual parishioners; a place to impart religious instructions; a meeting place for the Trustees of The Church; a place to maintain a religious library; and a meeting place for parochial committees, societies and organizations, which are religious and charitable in purpose and activity.

Commencing in 1921, The City assessed taxes against The Church's rectory. The Church refused to pay and has continued

to so refuse. The City, as far as the record discloses, made no effort to collect the taxes assessed against The Church, and finally, to bring the matter to a head, The Church instituted this action for declaratory judgment.

The determination of the basic question presented by this appeal requires us to determine whether The Church's rectory property is exempt from taxation by The City, by reason of the general exemption statute of the State, or by reason of the exemption provision of the city charter, or by both.

The general exemption statute of the State, applicable in this controversy, is found in 1935 *Code*, § 1258,[1] and reads in part as follows:

"1258. Sec. 1. Assessable Property; Exceptions and Exemptions:—All real and personal property, not belonging to this State, or the United States, or any County of this State, or any church or religious society, and not held by way of investment, or any college or school and used for educational or school purposes, or any corporation created for charitable purposes and not held by way of investment, except as otherwise provided, shall be liable to taxation and assessment for public purposes. * * *"[2]

The exemption provision of the city charter is found in 1942 *Wil. Code*, Art. 11, § 74, 28 *Laws, Ch.* 121, and reads in part as follows:

74. Sec. 74. All Real Estate Te Be Assessed; Exception; Assessment, How Made:—"All real estate within the said City shall be assessed, except real estate belonging to the United States, the State of Delaware, New Castle County, the City of

---

[1]1935 *Code*, § 1258, is the applicable code section in this cause, since the revision of 1953 occurred after the taxes in question were assessed.

[2]1935 *Code*, § 1258, is a re-enactment of 1915 *Code*, § 1098, which in turn was a codification of 1852 *Code*, Ch. 11, § 1 as amended by 25 *Laws*, Ch. 36. In 1953 it was revised and couched in affirmative language by 9 *Del. C.* § 8103.

Wilmington, cemeteries and burying grounds, churches and meeting houses belonging to any religious society and used for public worship, real estate belonging to charitable corporations and not held by way of investment, buildings owned and occupied by fire Companies, and such other real estate which may now, or which may hereafter be exempted by law."[3]

The Church maintains, *inter alia*, that assuming that § 74 of the city charter standing alone would authorize the assessment of city taxes upon The Church's rectory building, nevertheless, it is overridden by 1935 *Code*, § 1258 which is binding equally upon state and municipal taxing authorities. The Church argues that a decision of the former Court in Banc is controlling on the point.

In *Mayor and Council of Wilmington v. Tower Hill School Ass'n*, 2 *W. W. Harr.* 277, 122 *A.* 442, 446, the Court in Banc had before it for decision the question of whether or not the real estate of Tower Hill School was subject to taxation by the City of Wilmington. The particular provisions of the state law and the municipal charter then before the Court were the same provisions now before us.

The Court in Banc stated that unless 1935 *Code*, § 1258, then 1915 *Code*, § 1098, applied to municipal taxes, there was no inconsistency between the city charter and the state law, and that, if the city charter alone determined the question, the school's real estate would be liable to municipal taxation.

It was, however, held that 1935 *Code*, § 1258, 1915 *Code*, § 1098, declared a state policy that certain classes of real estate shall be exempted from all taxation for public purposes, irrespective of whether the taxes were imposed by the state, the counties, or the municipalities. In the absence of any exemption

---

[3]This section of The City's charter was first enacted in somewhat different form in 1883 by 17 *Laws*, Ch. 207. In 1915, by 28 *Laws*, Ch. 121, § 8, the 1883 version of the section was amended by adding the phrase, "and such other real estate which may now, or which may hereafter be exempted by law."

provision in a city charter, therefore, obviously the general exemption law of the state declaring the general policy of the state would apply to limit the taxing authority of the municipality.

The Court further held that what is now § 74 of the Wilmington city charter was not in conflict with 1935 *Code*, § 1258, 1915 *Code*, § 1098. This holding was based upon the amendment to § 74 accomplished in 1915, 28 *Laws*, Ch. 121, § 8, which included among the classes of property exempted from taxation "such other real estate which may now or which may hereafter be exempted by law." The Court in Banc stated its conclusion in this respect as follows:

"* * * it [§ 74] does by general language exempt all real estate that is now or may hereafter be exempted by law. Clearly such general language indicates that the Legislature did not intend that a municipality should have the power to assess for taxes any real estate that was exempt under general law."

The Church urges the correctness of the decision in the *Tower Hill School* case [2 *W. W. Harr.* 277, 122 *A.* 446] upon us, and says that it is controlling in the case at bar. The City, on the other hand, while not denying the correctness of the result reached in the *Tower Hill School* case, takes the position that it is distinguishable from the present controversy.

The City's argument in this respect is that § 74 incorporates the provisions of the state's general exemption statute with respect only to those classes of real estate not specifically dealt with by § 74, and since § 74 makes no specific reference to the exemption of school properties, the language, "such other real estate * * * exempted by law" operated to include the exemption of school properties provided for in 1935 *Code*, § 1258. Thus, argues The City, there was no conflict for the Court to resolve in the *Tower Hill School* case between the city charter and the state statute, and the case is not a decision to the effect that one must prevail over the other.

■ We are frank to say that The City's argument with respect to the *Tower Hill School* case has considerable force, for unquestionably the General Assembly may, if it so desires, allow a different policy of exemption from taxation as between different municipalities and as between the state and municipalities.

■ The rationale of the opinion in the *Tower Hill School* case, however, seems clearly to be that the General Assembly must be presumed, when it includes in a city charter the exemption from municipal taxation of such other classes of property as "may be exempted by law", to have intended the city to be bound by the general tax exemption policy laid down by general law. We think this is the reasoning of the Court in Banc, and that this is what it held, despite the fact that the language of § 74 of The City's charter on its face would have made the right of exemption with respect to certain classes of real estate more limited than was the case under 1935 *Code*, § 1258, 1915 *Code*, § 1098. We think, therefore, that the *Tower Hill School* case is not distinguishable as The City suggests, but is directly in point, and controlling in the case before us unless it is overruled.

■ We decline to overrule the decision of the Court in Banc in the *Tower Hill School* case. It is true that the Court in Banc was not a court of last resort whose decisions were binding on all courts of the state, *Ownbey v. Morgan's Executor*, 7 *Boyce* 297, 105 *A.* 838, but, nevertheless, its decisions, reached by all the law judges of the state sitting together, are entitled to great weight and should not be disregarded unless clearly wrong, or unless sound reasons of public policy require.

The rule laid down in the *Tower Hill School* case has been regarded by the bar and the General Assembly as the law of the state since 1923. In *Mayor and Council of Wilmington v. Wilmington Monthly Meeting of Friends*, 3 *W. W. Harr.* 180, 133 *A.* 88, which exempted from municipal taxation property of the Society of Friends used for educational purposes, the City conceded that 1935 *Code*, § 1258, 1915 *Code*, § 1098, applied to

property located within the city limits, "which otherwise would be subject to taxation by that city for municipal purposes." [3 *W. W. Harr.* 180, 133 *A.* 90] The Superior Court upon the authority of the *Tower Hill School* case held the school property of the Society of Friends exempted from taxation. The Superior Court did not decide whether the property was exempted as property belonging to a religious society, or as property belonging to a school, but apparently held that the property in question was exempted from municipal taxation under either theory. It is obvious in this decision that the Superior Court regarded the *Tower Hill School* case as having incorporated the state exemption statute into the city's charter.

It was generally regarded as the law after the decision in the *Tower Hill School* case that the general exemption statute of the state was automatically written into all municipal charters. Thus it was that the Revised Code Commission which prepared the 1953 *Code* restated what had formerly been 1935 *Code*, § 1258 in affirmative language, and provided that exempt classes of property shall not be liable for taxation "by any county or other political subdivision of this State." In the revision note it is stated that the quoted language was added "to give effect to actual operation of the statute." See 9 *Del. C.*, § 8103. The adoption by the General Assembly of the revised language of the exemption statute with the addition of language specifically incorporating the effect of the *Tower Hill School* case upon the former statute is an indication that the General Assembly intended to confirm and re-enact the law as it had been applied since 1923. See *Monacelli v. Grimes*, 9 *Terry* 122, 99 *A.* 2d 255, 263.

 It is also of significance in determining the Legislature's intent in connection with the construction of a statute that the General Assembly has re-enacted the particular statute some thirty years after its construction by the Court in Banc, and in so doing enacted into law language specifically giving effect to that construction. In such a case, the rule of legislative adoption by re-enactment of a judicial construction of the stat-

ute may properly be considered and given such weight as the circumstances of the case require. *American Ins. Co. v. Iaconi,* 8 *Terry* 167, 89 *A.* 2d 141; *In re Ellis' Estate,* 22 *Del. Ch.* 439, 194 *A.* 119.

We are faced, therefore, with a request to overrule a decision of the Court in Banc which for over thirty years has been regarded as having established the law with respect to taxing powers of municipalities. The Revised Code Commission of 1953 re-drafted 1935 *Code,* § 1258 to include specifically the effect of the decision in the text of the *Code,* and the General Assembly upon the report of the Code Commission that the purport of the decision had been written into the new revised code enacted it into law. Under these circumstances, we think we should not overrule the decision, since it is not absolutely clear that the view The City urges is the only correct one. Furthermore, no consideration of public policy urges us to overrule it. On the contrary, public policy would seem to favor its affirmance, since it has the virtue of establishing a uniform rule of taxation for public purpose.

We conclude, therefore, that we should regard ourselves bound by the prior judicial construction of 1935 *Code,* § 1258, and that, accordingly, The Church's rectory property is exempted from taxation by The City.

This conclusion makes unnecessary the consideration of other related arguments advanced by The Church in support of its position.

The judgment below is affirmed.