Oscar George, Inc., a corporation of the State of Delaware, Plaintiff Below, Appellant, v. Elmer E. Potts, Jr., and Charlotte L. Potts, his wife, owners or reputed owners, and Delaire Corporation, a corporation of the State of Delaware, General Contractors, Defendants Below, Appellees.

(*June* 29, 1955.)

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, J. J., sitting.

*Aubrey B. Lank* (of Logan, Marvel, Boggs and Theisen) for appellant.

*Louis J. Finger* (of Richards, Layton and Finger) for appellees.

Supreme Court of the State of Delaware, No. 3, 1955.

BRAMHALL, J.:

This appeal is from the decision of the court below in dismissing an action under the mechanic's lien law by reason of an alleged defective affidavit to a statement of claim made upon "knowledge and belief".

The plaintiff, a Delaware corporation, was a subcontractor for the Delaire Corporation, the general contractor for the construction of a home for the individual appellees, Elmer E. Potts, Jr. and Charlotte L. Potts, on a tract of land in a development in New Castle County known as Silverside Heights. Prior to the expiration of the 90-day period from the furnishing of the last materials, labor and supplies, appellant filed a mechanic's lien against the individual appellees' property. The affidavit attached to the statement of claim filed by appellant was made by the president of the corporation, in which is was averred that the facts contained in the statement of claim were true and correct "to the best of his knowledge and belief".

Appellees above named filed an answer, an affidavit of defense and a motion under Rule 12(aa 3) of the Superior Court, *Del. C. Ann.*, asking that judgment be refused notwithstanding the statement of claim. This motion was sustained by the lower court, which resulted in the dismissal of appellant's action. Appellant appealed.

The sole question is whether or not the affidavit, based upon knowledge and belief, meets the requirement of the statute.

The statute 25 *Del. C.* § 2712(c), provides that the statement of claim be supported by an affidavit of the plaintiff "that the facts therein are true and correct." The trial judge held that this affidavit did not conform to the provisions of this statute and dismissed appellant's case. In doing so, he stated that he felt bound by the case of *Heitz v. Sayers,* 1 *W. W. Harr.* 221, 113 *A.* 901. The latter decision is directly in point. It was decided in 1921 and has since been followed in this state in other unreported decisions. The trial judge felt that the question of whether or not that decision and the decisions of the Superior Court following it should be overruled was a question for this court. In this he was undoubtedly correct.

Appellant contends that his affidavit substantially complies with the provisions of the statute. He says that the inclusion in the affidavit of the words "to the best of his knowledge and belief" does not detract from the positive statement in the affidavit that the facts are true and correct. As for the case of *Heitz v. Sayers* he says that it was wrongly decided and that the sole basis for the decision was the application of the rule that statutes in derogation of the common law are to be strictly construed. He cites *Warner Co. v. Leedom Construction Co.,* 9 *Terry* 58, 97 *A.* 2d 884, in which the excessive strictness of construction of the mechanics lien statute based on this principle was deprecated.

As for appellant's first argument of substantial compliance with the statute, it must be admitted that there is much to be said. There is high authority supporting it. *Pratt v. Stevens,*

94 *N. Y.* 387. In the absence of the decisions of this court in the case of *Heitz v. Sayers, supra,* and the unreported cases following it for a period of approximately 35 years, plus the re-enactment of the statute in the *Delaware Code of* 1953, we should be inclined to accept appellant's contention in this respect. However, we cannot disregard these decisions nor the action of the legislature in re-enacting the statute, long after the decisions of our courts with reference thereto. See *Mayor and Council, etc. v. Saint Stanislaus K. Church,* 10 *Terry* 5, 108 *A.* 2d 581.

■ The rule of *stare decisis* means that when a point has been once settled by decision it forms a precedent which is not afterwards to be departed from or lightly overruled or set aside even though it may seem in later years archaic. This rule is grounded upon public policy and should be followed except for urgent reasons and upon clear manifestation of error. *Mayor and Council, etc. v. Saint Stanislaus K. Church, supra; Wilson v. Bethlehem Steel Co., Inc.,* 1 *Terry* (40 *Del.*) 157, 7 *A.* 2d 906; *Ajax Rubber Co. v. Gam,* 4 *W. W. Harr.* (34 *Del.*) 264, 151 *A.* 831; *Hacket v. Bethlehem Steel Co.,* 5 *W. W. Harr.* (35 *Del.*) 317, 165 *A.* 332. Its support rests upon the vital necessity that there be stability in our courts in adhering to decisions deliberately made after careful consideration.

Morover, it is not correct to say that the rationale of the *Heitz* case is solely the doctrine that statutes in derogation of the common law must be strictly construed. There is the consideration of safeguarding against fraud or perjury. Courts in other jurisdictions have followed the same reasoning. *Dorman v. Crozier,* 14 *Kan.* 224; *Merchants' & Planters' Bank v. Hollis,* 37 *Tex. Civ. App.* 479, 84 *S. W.* 269; *Johnson v. Stocks,* 207 *Ala.* 345, 92 *So.* 457; *Long v. Pocahontas Coal Co.,* 117 *Ala.* 587, 23 *So.* 526; *Florence Bldg. & Inv. Ass'n v. Schall,* 107 *Ala.* 531, 18 *So.* 108; *Globe Iron Roofing & Corrugating Co. v. Thatcher,* 87 *Ala.* 458, 6 *So.* 366. Hence it cannot be said that the *Heitz* decision is clearly wrong, or that it rests solely upon the doctrine above mentioned.

To overrule the *Heitz* case might impliedly overrule the many decisions respecting statutory affidavits. In various Delaware statutes the form of affidavit is specified, for example, affidavits to petitions in divorce, in actions against nonresident operators of motor vehicles, and in various attachment actions. Compliance with the statutory form of such affidavits has been generally construed by our courts to be mandatory. See *Heitz v. Sayers, supra; Ross v. Ross,* 4 *W. W. Harr.* 7, 130 *A.* 677. To overturn these cases after acceptance for such a long period of time and after re-enactment in the 1953 *Code,* is too drastic a change to be justified. And even if we were to attempt to limit the effect of overruling the *Heitz* case to the mechanics lien law, we could not avoid the doubt that would inevitably be cast on the correctness of the cases just cited, and the consequent uncertainty in dealing with cases hereafter arising under other statutes.

Appellant has suggested that the Superior Court, after having ruled that the affidavit was defective, should have permitted plaintiff to amend. Appellant contends that the Superior Court rules are applicable in mechanics lien cases, since under Rule 81 of that court mechanics lien actions are not included in the exceptions to their application. Appellant argues that under Rule 8, providing that "All pleadings shall be so construed as to do substantial justice", it should have been allowed to amend.

No motion to amend the affidavit was made in the Superior Court and this question was not pressed at the argument. We assume that it was abandoned. The question of appellant's right to amend was therefore not properly before this court and we cannot pass upon it here. At any rate, we do not consider that it would be within our province, after affirming a judgment of a lower court, to return the case to the lower court with instructions to permit an amendment to the pleadings.

It may be noted, in passing, that the strict construction which our courts have frequently placed upon the right to amend affidavits to pleadings was considerably relaxed in the

case of *Console Master Speaker Corporation v. Muskegon Wood Products Corporation*, 4 *W. W. Harr.* (34 *Del.*) 1, 141 *A.* 109, 111. In that case plaintiff in a foreign attachment proceeding was permitted to amend the affidavit by correcting the name of plaintiff corporation. The court, Pennewill, Chief Justice, said:

"In dealing with the subject of amendments of process, pleading and proceeding, the purpose of the law relating thereto must not be disregarded. That purpose was to secure or promote the trial of causes upon their merits without hindrance or unnecessary delay and expense. If the amendment proposed works no change of party, no injury or disadvantage to the opposing party, and is promotive of a fair and expeditious trial upon its merits, we can see no reason why it should not be allowed in the furtherance of justice."

For the reasons herein set forth, we are of the opinion that the judgment of the Superior Court should be affirmed.