GLICKSTEIN, Judge,
dissenting.
This is an appeal of a temporary restraining order and preliminary injunction. I would reverse for one reason not raised by any party and three reasons that were raised by appellant.
*571 The former, raised by no one, is the absence of verification of the complaint, which was signed by the plaintiffs lawyer. The so-called verification reads as follows:
VERIFICATION
STATE OF FLORIDA
COUNTY OF BROWARD SS:
I,NANETTE JEPSON, am the Plaintiff in the foregoing Complaint, I have read the foregoing Complaint for Specific Performance, know the contents thereof, and it is true and correct in all of its allegations to the best of my knowledge and belief.
DATED this 28 day of August, 1985.
/s/ Nanette M. Jepson
NANETTE JEPSON,
Plaintiff
SWORN TO AND SUBSCRIBED in the County and State last aforesaid this 28 day of August, 1985.
NOTARY PUBLIC
A “qualified” affidavit is no affidavit at all. Hahn v. Frederick, 66 So.2d 823 (Fla.1953); Hall v. Byington, 421 So.2d 817, 818 (Fla. 4th DCA 1982). The latter, raised by appellant are:
1. The movant’s attorney did not certify in writing any efforts that had been made to give notice, or set forth the reasons why notice should not be required.
2. The trial court failed to require a bond of the movant.
3. The trial court failed to specify the reasons for which the temporary restraining order was entered, as required by Florida Rule of Civil Procedure 1.610(c).