IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,                      :
                                        :       I.D. No.  0908008897
        v.                              :       Kent County
                                        :
JASON W. MORRIS,                        :
                                        :
        Defendant.                      :


Submitted: October 13, 2016
Decided: December 12, 2016

## ORDER

Upon Defendant's Motion for Postconviction Relief.
*Dismissed.*


Stephen R. Welch, Jr., Esquire, Department of Justice, Dover, Delaware; attorney for the State.

Christopher S. Koyste, Esquire of the Law Office of Christopher S. Koyste LLC, Wilmington, Delaware; attorney for Defendant.


WITHAM, R.J.

Before the Court is Defendant Jason Morris' amended motion for postconviction relief, the State's response to the motion, and Mr. Morris' reply. This is Mr. Morris' first motion for postconviction relief under Superior Court Criminal Rule 61. The motion is premised upon the State's nondisclosure of potential impeachment material: specifically, evidence of misconduct at the Office of the Chief Medical Examiner (OCME).

The motion fails to assert a colorable claim because Mr. Morris waived his right to receive impeachment material under *Brady* when he entered a valid plea. The motion is thus time-barred under Superior Court Criminal Rule 61 and his motion will be ***dismissed***.

## FACTS

During July through August 2009, law enforcement conducted a series of three controlled purchases of suspected crack cocaine from Mr. Morris. Based upon this investigation, police obtained a warrant to search his cars and residence.

On August 10, 2009, an officer stopped Mr. Morris while he was driving one of his cars and took him into custody. While he was being removed from the car, a piece of suspected crack cocaine fell out of his lap. During a search of his person, police discovered what was suspected to be a marijuana blunt. His passenger was also taken into custody. A search of the car revealed suspected marijuana in the center console.

A further search of Mr. Morris' home revealed about 1.1 grams of loose cocaine, 23 bags of crack cocaine, a digital scale, a bag of plastic sandwich bags,

plastic bags with the corners torn, and $800 of currency.

The drug evidence was tested by a forensic chemist within the OCME. The items that were tested returned positive for the suspected substances. There were minor discrepancies in the weights of the substances as collected and as tested.

On January 25, 2010, the date scheduled for trial, Mr. Morris accepted the State's plea offer. On the record, the State summarized the agreement, stating that Mr. Morris was:

> pleading guilty to Count I . . . possession with intent to deliver cocaine, and Count IV . . . conspiracy in the second degree. All remaining charges in this indictment will be nolle prossed.
> As to Count I, Level V for 12 years per Title 11, 4214(a). As to Count IV, Level V for two years suspended for Level IV six months home confinement, hold at level V, followed by Level III for 18 months.
> Other conditions, substance abuse evaluation and follow-up treatment, maintain a full-time job while on probation.
> Defendant admits he's a habitual offender under 4214(a) as a result of the prior felony convictions: Attempted delivery of cocaine, 7/26/01; tampering with evidence, 7/27/98; and trafficking in cocaine, 7/25/95. That's the complete agreement between the State and the defendant.[1]

Following the State's summary of the agreement, defense counsel related to the Court:

> Your Honor, at this time, Mr. Morris is prepared to enter a plea of guilty to one count of possession with intent to deliver cocaine, Count I; and Count IV, conspiracy in the second degree. I've gone over his constitutional trial rights he's waiving by accepting today's plea offer.

---

[1] App. to Pet'r's Am. Mot. for Postconviction Relief A35.

3

We've gone through in detail the Truth-In-Sentencing form, the ramifications of a felony conviction, the loss of license by statute to drive, the conditions set forth on the plea agreement, and the recommendations by the State to Your Honor. I present Mr. Morris to the Court.

I believe that this is a knowing, intelligent and voluntary plea.[2]

After the defendant was placed under oath, the Court engaged in a plea colloquy with him:

Q [The Court]: Did you hear everything your attorney, Mr. Garey, said about this plea?
A [Mr. Morris]: Yes, I did.
Q: Do you agree with what he said?
A: Yes.
Q: Do you understand you have the right to a speedy trial with assistance of counsel but you'll waive that right if you enter the plea?
A: Yes.

. . . .

Q: We're going to be reviewing the Truth-In-Sentencing form and plea agreement form and revocation of driver's license forms. Do you have those copies in front of you?
A: Yes.
Q: Did you sign all the documents?
A: Yes, sir.
Q: You are going to enter a plea to two counts. Possession with intent to deliver cocaine carries a maximum potential penalty of zero to life simply because the State believes and you've affirmed by virtue of signing the plea agreement that you're eligible for sentencing under 11 Delaware Code, Section 4214(a), because you have these necessary predicate prior convictions. Do you understand that?

---

[2] *Id.* at A36.

4

A: Yes.[3]

After further discussing the consequences of a guilty plea, the colloquy continued with a discussion of the Truth-in-Sentencing form:

> Q: Likewise, you should read very carefully and have explained to you the very important rights covered in paragraphs 1 through 8. These are your constitutional rights which you'll waive by virtue of your pleading guilty today. Do you understand that?
> A: Yes, sir.
> Q: Has anyone forced or threatened you to enter this plea?
> A: No, sir.
> Q: Are you in fact guilty of these two charges?
> A: Yes.
> Q: With respect to the plea agreement itself, does the plea agreement as outlined here and also in open court, does it indicate what you've agreed to do?
> A: Yes.[4]

The Court then discussed Mr. Morris' concern with the way the sentence was described on the Truth-in-Sentencing form. The colloquy proceeded:

> Q: . . . . All right. Is there – no one forced or threatened you to enter this plea?
> A: No, sir.
> Q: You are in fact guilty of this?
> A: Yes.
> Q: Have you had sufficient time to review the plea agreement?
> A: Yes.

---

[3] *Id.* at A36–A38.

[4] *Id.* at A39–40.

> Q: And are you satisfied your attorney has fully advised you of your rights pertaining to your plea?
> A: Yes.[5]

Together with his plea of guilty, Mr. Morris signed at least two forms. On his plea agreement form, Mr. Morris signed that he was pleading guilty to one count of "PWID (cocaine)."[6] He also signed a Truth-in-Sentencing form which listed his offense as "PWID COCAINE" and indicated a statutory penalty of zero years to life incarceration.[7]

The Court accepted Mr. Morris' plea and sentenced him to twelve years at Level V for possession with intent to deliver cocaine and two years at Level V suspended for six months at Level IV, followed by eighteen months at Level III for conspiracy in the second degree.[8]

Nearly four years later, the evidence-handling issues at OCME were revealed to the public for the first time. Those issues are explained at length in other decisions of this Court and our Supreme Court, and need not be discussed in detail here. The Petitioner points to evidence that might suggest additional improper practices. Those allegations would be regrettable if they are indeed true, but they are irrelevant to the disposition of this motion. It suffices to note in passing that the additional evidence suggests a possibility that OCME tests have resulted in a false positive on at least one

---

[5] *Id.* at A41–42.

[6] *Id.* at A31.

[7] *Id.* at A32.

[8] *Id.* at A44.

occasion and that wrongdoing may have extended farther back than 2010.

## DISCUSSION

Mr. Morris' motion will be dismissed because it fails to present a colorable claim of a miscarriage of justice and is thus time-barred under the version of Rule 61 that applied at the time of his motion.

### I. Mr. Morris' Claim Is Procedurally Barred Except to the Extent It Presents a Colorable Constitutional Claim.

Although this is Mr. Morris' first motion for postconviction relief, his motion would generally be time-barred by operation of Superior Court Criminal Rule 61(i).

"A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final . . . ."[9] The time bar is inapplicable in the case of "a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction."[10]

Mr. Morris's motion for postconviction relief was filed more than four years after his plea and sentencing: far beyond the one-year period provided by Rule 61(i). The question that remains is whether Mr. Morris has asserted a colorable claim under *Brady v. Maryland*,[11] in which case the time bar would be inapplicable to him.

---

[9] Super. Ct. Crim. R. 61(i)(1) (2014). Because Mr. Morris' motion was filed before the June 4, 2014 updates to Rule 61, the prior version of the Rule controls.

[10] *Id.* R. 61(i)(5).

[11] 373 U.S. 83 (1963).

## II. A Claim That *Brady* Is Applicable to Impeachment Material in the Plea Agreement Setting Does Not Constitute a Colorable Claim.

It is a question that, unhappily for Mr. Morris, has been litigated and answered in the negative again[12] and again[13] before not just this Court[14] but also by the Delaware Supreme Court. At its core, it involves an assertion that Mr. Morris' plea was involuntary under *Brady* because he was unaware of the issues at the OCME when he pleaded guilty. This Court is bound to reject that assertion under the clear precedent established by the Delaware Supreme Court.[15]

To be valid, a guilty plea "does not require complete knowledge of the relevant circumstances," and such a plea and its accompanying waiver of rights may be accepted "despite various forms of misapprehension under which a defendant might labor."[16] When a defendant admits that he was guilty of committing the crime and makes his plea knowingly, voluntarily, and intelligently, he gives up "his right to trial and his right to learn of any impeachment evidence."[17]

Stated differently, under *Brady*, "the Constitution does not require the [State] to disclose material impeachment evidence prior to entering a plea agreement with

---

[12] *Aricidiacono v. State*, 125 A.3d 677 (Del. 2015).

[13] *Ira Brown v. State.*, 108 A.3d 1201 (Del. 2015).

[14] *E.g., State v. Allen*, No. 1207010588, 2016 WL 520716 (Del. Super. Feb. 3, 2016).

[15] *Ira Brown*, 108 A.3d at 1206 (quoting *United States v. Ruiz*, 536 U.S. 622, 630 (2002)).

[16] *Id.*

[17] *Id.*

a criminal defendant."[18]

It follows that when "a defendant knowingly [pleaded] guilty to a drug crime," he cannot vacate his plea by arguing that if he knew there were problems at the OCME, "he would not have admitted to his criminal misconduct in possessing illegal narcotics."[19] Poor evidence handling, while a serious concern, is not a get-out-of-jail-free card for every defendant.[20] Defendants are bound by their statements during a plea colloquy and cannot reopen their cases "to make claims that do not address [their guilt], and involve impeachment evidence that would only be relevant at trial."[21]

Like other recent Rule 61 movants, Mr. Morris identifies only impeachment evidence that would have affected his decision to accept the plea.[22] While the argument headings and several passages contain passing reference to *exculpatory* evidence, the argument itself connects that language with no examples of exculpatory evidence related to the OCME scandal.[23]

And thus, like other recent Rule 61 movants, Mr. Morris' plea of guilty, made knowingly, intelligently, and voluntarily, prevents him from attacking his plea or conviction on *Brady* grounds when his sole allegation is that the State did not provide impeachment evidence to him. He waived the right to receive such evidence by his

---

[18] *Ruiz*, 536 U.S. at 633.

[19] *Aricidiacono*, 125 A.3d at 678.

[20] *Id.*

[21] *Ira Brown*, 108 A.3d at 1206.

[22] Def.'s Am. Mot. for Postconviction Relief 17.

[23] *Id.* at 17–24.

plea. As *Ruiz* and the Delaware Supreme Court have made clear, *Brady* is not implicated by Mr. Morris' acceptance of a plea agreement.

There can be no question on this record that Mr. Morris' plea was made knowingly, intelligently, and voluntarily. He signed his name to possessing cocaine on not one but two separate forms: the plea agreement form and the Truth-in-Sentencing form. When asked by this Court whether he was pleading guilty because he was in fact guilty, he responded in the affirmative. Nothing in the circumstances of the plea colloquy or any of the evidence brought forward by Mr. Morris leads the Court to doubt its earlier conclusion that Mr. Morris' plea was valid.

Mr. Morris would have us reverse our Supreme Court's interpretation of *Ruiz*, arguing that its holding was "erroneous[ ]" and "incorrect."[24] This Court can discern no reason to depart from our Supreme Court's binding precedent. Nor is it disposed to search high and low for such a reason:

> For it is an established rule to abide by former precedents, where the same points come again in litigation: as well to keep the scale of justice even and steady, and not liable to waver with every new judge's opinion; as also because the law in that case being solemnly declared and determined, what before was uncertain, and perhaps indifferent, is now become a permanent rule, which it is not in the breast of any subsequent judge to alter or vary from according to his private sentiments: he being sworn to determine, not according to his own private judgement, but according to the known laws and customs of the land; not delegated to pronounce a new law, but to maintain and

---

[24] *Id.* at 43.

10

expound the old one.[25]

Put in more concrete terms, under the doctrine of stare decisis, "[o]nce a point of law has been settled by decision of [our Supreme] Court, 'it forms a precedent which is not afterwards to be departed from or lightly overruled or set aside . . . and [it] should be followed except for urgent reasons and upon clear manifestation of error.'"[26] The doctrine "operates to fix a specific legal result to facts in a pending case based on judicial precedent directed to identical or similar facts in a previous case in the same court or one higher in the judicial hierarchy."[27] The Court thus declines Mr. Morris' invitation to depart from the interpretation that has been settled upon by the Delaware Supreme Court.

His attempt to distinguish his case from all the contrary cases decided by the Delaware Supreme Court likewise falls far short of the mark. The essential point of distinction Mr. Morris propounds is that "none of [the Court's decisions] address whether the State violated *Brady* when a defendant accepted a plea on the eve of trial with the potential jury waiting to be selected."[28] But it appears that Mr. Morris has not assiduously examined the record in those cases. For example, *Ira Brown v. State*, which Mr. Morris references in the very same paragraph, involved a defendant who

---

[25] 1 William Blackstone, *Commentaries* *69.

[26] *Account v. Hilton Hotels Corp.*, 780 A.2d 245, 248 (Del. 2001) (quoting *Oscar George, Inc. v. Potts*, 115 A.2d 479, 481 (Del. 1955)).

[27] *Id.* (citing *Allegheny Gen. Hosp. v. NLRB*, 608 F.2d 965, 969–70 (3d Cir. 1979), *abrogated on other grounds by St. Margaret Mem'l Hosp. v. NLRB*, 991 F.2d 1146 (3d Cir. 1993)).

[28] *Id.* at 43.

pleaded guilty on the day he was scheduled for trial.[29]

Because Mr. Morris waived his right to receive impeachment material when he knowingly, voluntarily, and intelligently pleaded guilty, he has not asserted a colorable claim that there was a miscarriage of justice under *Brady v. Maryland*. Thus, his motion for postconviction relief is time-barred.

## CONCLUSION

For the foregoing reasons, Mr. Morris' motion for postconviction relief is **DISMISSED**.

**IT IS SO ORDERED**.

Hon. William L. Witham, Jr.
Resident Judge

WLW/dmh
oc: Prothonotary
xc: Stephen R. Welch, Esquire
    Christopher S. Koyste, Esquire

---

[29] Appellant's Opening Br. App. A-3, *Ira Brown v. State*, 108 A.3d 1201 (Del. 2015) (No. 178, 2014).