JOSEPH A. DURNEY and THOMAS G. DICKINSON, trading as DURNEY AND DICKINSON, vs. RAFFAELE DIGUGLIELMO, owner or reputed owner, and DOMINICK LESTARDE, contractor.

MECHANICS' LIENS—SEPARATE BUILDINGS—SEPARATION OF AMOUNT.

Rev. Code 1852, amended to 1893, p. 820 (16 Del. Laws, c. 145) § 1, par. 6, provides that, where one claim for work, labor and materials is filed by the same person or persons against two or more buildings, the claimant at the time of filing such joint claims shall designate the amount which he claims to be due to him on each of the buildings. Held that, where a statement of claim was for work, etc., done on two buildings owned by the same person, and failed to designate the amount on each of the buildings, it was fatally defective.

(November 23, 1914.)

19

Judges BOYCE and RICE sitting.

*Martin E. Smith* for plaintiffs.

*William S. Prickett* for defendants.

Superior Court, New Castle County, November Term, 1914.

*Scire facias sur* mechanics' lien. Exception to statement of claim sustained.

The claimant's statement is as follows:

"The statement discloses that the said claim is one claim for work and labor or materials, and is filed by the same persons against two buildings, houses or structures, to wit, Nos. 1810 and 1812 West Sixth Street, in the City of Wilmington, County of New Castle, and State of Delaware, owned by the same person, for the building, erection, construction or repairing of said two buildings or structures, owned by the same person, and said statement further shows that the said claimants did not, at the time of filing such joint claim, designate the amount which they claim to be due to them on each of such buildings, houses or structures."

BOYCE, J., delivering the opinion of the court:

The mechanics' lien statute (*Chapter* 145, *Section* 1, *Paragraph sixth, Volume* 16, *Laws of Delaware, Revised Code* 1893, *p.* 820) provides:

"In every case in which one claim for work and labor or materials shall be filed by the same person or persons against two or more buildings, houses or structures owned by the same person or persons, for building, altering or repairing two or more buildings or structures owned by the same person or persons, the claimant shall, at the time of filing such joint claim, designate the amount which he claims to be due to him on each of such buildings, houses or structures."

The statement filed in this case discloses that the claim is for work, etc., on two buildings owned by the same person, and it does not conform to the requirement of the statute, in that it does not designate the amount claimed to be due on each of said buildings.

The exception is sustained.