# CHARLESTON.

APPALACHIAN MARBLE COMPANY v. MASONIC TEMPLE
ASSOCIATION.

Submitted January 23, 1917.   Decided January 30, 1917.

1.  EVIDENCE—*Judicial Notice—Laws of Foreign State—Laws of United States.*

    Judicial notice will be taken of the laws of a foreign state, or of the United States, by the courts of this state, by virtue of the provisions of section 4, chapter 13, Barnes' Code.  (p. 473).

2.  AFFIDAVIT—*Evidence—Authentication of Lien Statement—Authority of Notary Public of Another State—Judicial Notice.*

    The certificate of the clerk of a court of record of the State of Tennessee, appended to an affidavit which verifies a mechanic's lien, to the effect that the officer taking said affidavit and administering said oath was at said time a notary public, duly commissioned and qualified as such, and that his signature thereto is genuine, is a sufficient authentication of such affidavit, it being judicially known that a notary public in the State of Tennessee is authorized to administer an oath.  (p. 472).

3.  MECHANICS' LIENS—*Filing Amendment.*

    As a general rule a mechanic's lien filed under the laws of this state cannot be amended after the time limit for filing such a mechanic's lien has expired.  (p. 474).

Appeal from Circuit Court, Wood County.

Suit in equity by the Appalachian Marble Company against the Masonic Temple Association and another. Decree ·for defendants, and plaintiff appeals.

*Decree reversed, and cause remended.*

*Abijah Hays* and *Smith D. Turner,* for appellant.

*L. N. Tavenner,* for appellees.

RITZ, JUDGE:

Appalachian Marble Company brought its suit in equity in the Circuit Court of Wood County against Masonic Temple Association and the Prescott Construction Company, having for its purpose the enforcement of a mechanic's lien which had theretofore been filed by the plaintiff against the real estate of the defendant, Masonic Temple Association.

The defendant Prescott Construction Company, under a contract with the defendant Masonic Temple Association, constructed for it on its real estate situate in the City of Parkersburg a building. In the construction of this building the plaintiff furnished certain material, and did certain work as a sub-contractor of the defendant Prescott Construction Company. After it ceased to work and furnish such material, and within the time required by law, it gave notice to the owner of the property that it claimed a mechanic's lien, and within the time provided by law it filed such lien in the office of the Clerk of the County Court of Wood County. It then instituted this suit for the purpose of enforcing said lien against the real estate of the defendant Masonic Temple Association. The defendant Prescott Construction Company demurred to the bill and the demurrer was sustained, and the bill dismissed.

The affidavit to the mechanic's lien was made by an officer of the plaintiff company in Knox County, Tennessee, and there is appended thereto a certificate of the Clerk of the County Court of said Knox County, the same being a court of record, certifying that the party whose name is signed to the jurat was at the time he signed the same a notary public duly appointed and qualified as such, and that his signature

to the said jurat is genuine. The point is made that this certificate is not a compliance with the provisions of section 31, of chapter 130, Barnes' Code. This section provides that such an affidavit as this shall be deemed duly authenticated if it be subscribed by the officer taking it, and there be annexed to it a certificate of the clerk or other officer of a court of record of the state in which the same is taken, under the official seal of such court, verifying the genuineness of the signature of the officer before whom the oath or affidavit was taken, and his authority to administer an oath. It will be observed that the certificate of the Clerk of the County Court of Knox County appended to the affidavit in this case does not in express words say that the party who took the affidavit was at the time authorized to administer an oath, but simply says that he was a notary public duly commissioned and qualified as such, and that his signature is genuine. It is insisted, however, that because of the provisions of section 4, of chapter 13, Barnes' Code, judicial notice will be taken of the laws of Tennessee, and that when this is done it will be observed that a notary public was at said time authorized to administer an oath, and that the certificate is therefore in effect that required by the statute.

Section 4, of chapter 13, Barnes' Code, provides that whenever it becomes material to ascertain what the law of another state, or country or of the United States is, or was at any time, the court, or judge, or magistrate, shall take judicial notice thereof, and may consult any printed book purporting to contain the same. The certificate required to be made by the clerk of a court of record, and to be appended to the jurat subscribed by the officer taking the oath, as will be seen from the statute above quoted, requires two things to appear therefrom: first, that the signature of the officer subscribing the jurat is genuine; second, that he was at the time of making the same authorized to administer an oath. In this case there is no question about the certificate being sufficeint as to the first requirement. Its sufficiency as to the second requirement depends upon the construction to be given to this statute. If we are to say that nothing short of a literal declaration by the officer making the certificate,

that the officer taking the oath was authorized to administer oaths, is required, then it is not sufficient. If, however, a certificate, the legal effect of which is that the officer taking the oath was authorized at said time to take the same, is sufficient, then this certificate meets the requirements of the act. The authority of an officer to administer an oath depends upon the ascertainment of certain facts, the principal of which are his due appointment and qualification. If his due appointment and qualification to a certain office is shown, then it follows as a matter of law that he has, or that he has not the authority to administer an oath, depending upon whether the law does or does not confer such authority, and a certificate going further than certifying the fact of his due appointment and qualification would be simply a declaration of the law based upon the ascertained fact of his due appointment and qualification.

It will be seen from section 4, of chapter 13, that the courts of this state will take judicial notice of the law of foreign states. When we do this we find that, if the statement of fact contained in this certificate is true, it is a compliance with the requirements of the statute, because a notary public under the laws of Tennessee was at the time of taking the certificate authorized to administer an oath.

The court below held this certificate insufficient, and the plaintiff asked leave to amend its lien by supplying a new certificate, but this leave was denied it by the circuit court, and this is complained of as error. We do not think the circuit court erred in this regard. A mechanic's lien so imperfect as to render it ineffective to secure to the party taking it the benefits of such lien cannot be amended after the expiration of the time within which notice must be given to the owner of the property, and the mechanic's lien filed, so as to make it comply with the requirements of the law. A party asserting a mechanic's lien, must within the time required by law, have placed upon the records such a complete statement as is effective to give him the benefit of a lien against the real estate of the owner for the amount due him for work and labor performed, or material furnished, and an incomplete or insufficient mechanic's lien filed within the time provided

for the filing of such liens cannot be supplemented after such time has expired by the filing of additional statements or additional affidavits so as to make it have an effect which it would not otherwise have had. Boisot on Mechanic's Liens, section 463. Rockel on Mechanic's Liens, section 123.

It follows from what has been said that the decree of the Circuit Court of Wood County must be reversed and the cause remanded, with directions to overrule the demurrer, and further to be appropriately proceeded with, with costs in this court to the appellant against the appellee, the Prescott Construction Company.

*Decree reversed, and cause remanded.*