Louis Iannoti *v.* Andrew N. Kalmbacher, executor of George F. Kalmbacher, deceased.

(*June* 23, 1931.)

Rodney, J., sitting.

*Joseph A. L. Errigo* for claimant.
*William F. Kurtz* for defendant.

Superior Court for New Castle County, No. 97, March Term, 1931.

Rodney, J., delivering the opinion of the court:

Our reports abound in cases construing the Mechanics' Lien Statute and many phases of this difficult subject have been considered.

The question here involved, however, of the necessary parties defendant where the lien is filed by a sub-contractor by virtue of a contract with the main contractor has never been considered. Indeed the very use of the term "parties" as used in connection with the inception of the litigation is somewhat anomalous. Under our statute (*section* 2843 *of the Revised Code of* 1915, *as amended by* 29 *Del. Laws, c.* 225) the claimant, provided he comes within the prescribed classes, obtains a lien by simply filing a "statement" in the office of the Prothonotary of the County where the building on which he furnished labor or materials is located. This statement of

claim by the express terms of the statute must contain and set forth six specified averments, one of them being

"First. The names of the party, claimant and owner, or reputed owner of the building, house or structure, and also of the contractor, and whether the contract of the claimant was made with such owner or his agent or with such contractor."

This is the first mention of the word "party" and in the present case the name of the main contractor is set forth in item First of the statement with the allegation that the contract of the claimant was made with such main contractor.

The lien obtained by filing the statement is merely cautionary and is not final in any sense of the word. The statement of the claimant is entered by the Prothonotary in a special statutory docket and this constitutes the "record" of the case. Upon this record a *scire facias sur* mechanics' lien is issued and the amount and finality of the lien depend upon the judgment ultimately obtained upon this *scire facias. Armstrong & Latta Co. v. Wilmington Sugar Ref. Co.,* 2 *W. W. Harr.* (*32 Del.*) 125, 120 *A.* 94.

Whether proceedings under the Mechanics' Lien Statute are strictly proceedings *in rem* as generally held in *Re Republic Eng. Co.,* 3 *W. W. Harr.* (*33 Del.*) 81, 130 *A.* 498, or proceedings *quasi in rem* is unnecessary to consider except as to parties. Undoubtedly, the proceedings are in the nature of proceedings *in rem* and certainly to the extent that the ultimate purpose is to subject the designated property to the lien sought to be charged. The fact that the *res,* the property itself, is sought to be charged with the lien by a process of personal service on certain necessary parties, does not destroy the character of the proceedings as in the nature of proceedings *in rem.*

A discussion of the necessary parties in a Mechanics' Lien proceeding leads inevitably to a consideration of the purposes of the proceeding. However true it may be that a very important purpose is the obtaining of the lien on the particular property, yet the fact must not be lost sight of that the fixation of the debt for the labor or materials is the very essential of the action and unless the debt exists and is enforceable then the ultimate purposes con-

cerning the existence of the lien and its subsequent enforcement can never arise.

In the present proceedings the claim is made by a sub-contractor claiming by virtue of a contract with the main contractor and the end ultimately in view is a lien on the real estate of the third person—owner upon which the work was performed. The main or original contractor is the only one who knows of the services or material furnished by the sub-contractor and the prices at which they were agreed to be furnished. The main contractor may be the only person who could allege and prove that the claim of the sub-contractor is unfounded or that he has been paid in whole or in part or make any other defense and avoid the lien. The final determination of the claim of the sub-contractor is in effect an adjudication of the rights of the main or original contractor. It establishes the amount of the contract between these parties. Under the terms of the statute the owner is entitled to retain and withhold from the original contractor so much of the amount due to him under the original contract as may be necessary to discharge the lien of the sub-contractor and necessarily, therefore, the final settlement between the owner and the original contractor will depend upon the amount of liens obtained by a sub-contractor. It is axiomatic that the rights of the main contractor should not be finally determined in a proceeding to which he was not a party or in which he has had no opportunity to be heard.

The overwhelming weight of authority sustains the view that the principal or original contractor is a necessary party to a proceeding to enforce a claim arising under a Mechanics' Lien Statute. It seems unnecessary to extend this opinion with the citation of authorities. They are all collected in the note to *Ann. Cas.* 1918B, *page* 6. See, also, *Rockel on Mechanics' Liens,* § 229; 18 *R. C. L.* 983; 40 *C. J.* 405.

Because of the wide divergence in the forms and purposes of the mechanics' lien statutes of the different states, great care must be exercised in the acceptation of authorities. All mechanics' lien proceedings are statutory and there is no analogous common-law proceeding. The whole proceeding is in derogation of

the common law and to this day no such proceedings exist in England where our common law originated. *Rockel on Mech. Liens,* page 3; *Shaw v. Young,* 87 *Me.* 274, 32 *A.* 897. The statute, therefore, must be strictly construed especially as to the obtaining and existence of the lien.

I am of the opinion, therefore, that in a proceeding by a subcontractor claiming under a contract with the main contractor that such main contractor is a necessary party.

This then brings me to a consideration as to when the parties must be made. The original cautionary lien, as has been shown is obtained by the mere filing of a statutory statement. There is in the filing of the statement no determination of the amount claimed nor finality to the lien. No statutory requirement exists as to the form of the statement or the necessity of parties thereto, but only as to certain contents of the statement. Can a mere unrequired caption affixed to the statement be essential for the making of proper parties?

No process issues as a matter of course upon the filing of the statement, but such process awaits the specific action of the claimant. Possibly one of the defects of the Mechanics' Lien Statute exists in the fact that a considerable time may elapse between the obtaining of the cautionary lien by the filing of the statement and the subsequent issuance of *scire facias* proceedings thereon. I am of the opinion that the making of the essential parties arises upon the issuance of the writ of *scire facias* upon the *praecipe* of the claimant. At this stage of the proceedings the claimant, for the first time, seeks to bring into court the necessary or indispensable parties so that the amount of his claim can be properly and legally adjudicated and, when so adjudicated, the claim can be established as a fixed and definite lien. The original contractor, under the facts of this case, is a necessary party to the proceedings and he should have been included in the writ of *scire facias.* Because he was not a party to and was not served with the writ at all and has had no day in court in the present proceedings, I am of the opinion that the writ was defective. The judgment by default was based upon the writ and operated only on those named in it. The judgment

itself must, therefore, be vacated. Of course, it is obvious that I am not passing upon any right to issue an alias or other writ of *scire facias*.

In a suit by a sub-contractor, suing by virtue of a contract with the main contractor, it is an excellent practice to make the main contractor a party at the initial stage of the filing of the statement of claim. This may be done in the caption affixed to the statement and it insures accuracy in the ministerial duties with reference to the issuance of the writs. While this practice is to be encouraged yet one cannot say that the failure to affix a caption to the statement invalidates the statement itself where such caption is not required by statute.