NEWARK LUMBER COMPANY *v.* CONTINENTAL DIAMOND FIBRE COMPANY, a corporation of the State of Delaware, owner or reputed owner, and JAMES H. HUTCHISON, Contractor.

*(December* 18, 1931.)

PENNEWILL, C. J., RICE and RODNEY, J. J., sitting.

*George L. Townsend* and *John Biggs, Jr.,* for plaintiff.

*Charles B. Evans* and *Clarence A. Southerland* for defendants.

Superior Court for New Castle County, No. 11, May Term, 1930.

PENNEWILL, C. J., delivering the opinion of the Court:

In the above mechanic's lien case the defendant has excepted to the statement of claim filed by the plaintiff. The exceptions are four in number, but raise one question, namely:

Does the statement of claim designate the amount claimed to be due on each of the buildings, factories or structures mentioned, as required by the statute? The statute in question provides that:

"In every case in which one claim for work and labor or materials shall be filed by the same person or persons against two or more buildings, houses, or structures owned by the same person or persons, for building, altering or repairing two or more buildings or structures owned by the same person or persons, the claimant shall, at the time of filing such joint claim, designate the amount which he claims to be due to him on each of such buildings, houses or structures." *Code,* § 2843, as amended by the *Act* of 1917, 29 *Del. Laws, Chap.* 225.

In *Durney v. Diguglielmo,* 5 *Boyce* 289, 92 *A.* 850, the Court, after quoting the pertinent provision of the statute, said:

"The statement filed in this case discloses that the claim is for work, etc., on two buildings owned by the same person, and it does not conform to the requirement of the statute, in that it does not designate the amount claimed to be due on each of said buildings."

It is insisted by the defendant, and admitted by the plaintiff, that the statute must be strictly construed, being in derogation of the common law. But the plaintiff contends that it should not be so technically construed as to defeat a claim that comes reasonably within its meaning.

The only disputed points in the case are these:

1. Is the requirement of the statute complied with if the statement of claim shows that the property upon which a lien is sought to be imposed, consists of an industrial or manufacturing plant or unit; that the materials in question were used on various buildings in the same plant, and that it is impossible for the plaintiff to apportion such materials between the various buildings?

2. Does the statement of claim show that defendant's property, for which the materials were furnished, consists of an industrial or manufacturing plant or unit, the buildings of which are used together in the course of the same business?

The only basis for the argument or contention that it consists of an industrial or manufacturing plant or unit seems to be the word "factories."

The pertinent language in the statement of claim is, "certain buildings, factories or structures, the property of the Continental Diamond Fibre Company" and located on a certain lot of land. Without the word "factories" there would not be even a suggestion that the property constituted a manufacturing or industrial unit, in the operation of which all the buildings are used together; and the Court are not convinced that such word supplies the needed information. The words employed are not inconsistent with the belief that defendant's property consisted of various buildings one or more of which may have been "factories." Taking this thought in connection with the admitted fact that the statute in question must be given a strict construction, the Court feel bound to sustain defendant's exception that plaintiff's statement of claim does not comply with the requirement of the statute in the particular mentioned.

Such being our conclusion on the second point it is unnecessary to express any opinion in the first, which might raise a different question and present a different case for the Court's determination.

Taking the statement of claim as it is, we are unable to distinguish the present case from *Durney v. Diguglielmo,* 5 *Boyce* 289, 92 *A.* 850, above referred to. The plaintiff's statement of claim is, therefore, dismissed.