E. J. HOLLINGSWORTH COMPANY *v.* CONTINENTAL-DIAMOND FIBRE COMPANY and JAMES H. HUTCHISON, Contractor. NEWARK LUMBER COMPANY *v.* SAME.

(NOVEMBER 13, 1934.)

LAYTON, C. J., RICHARDS and RODNEY, J. J., sitting.

*George L. Townsend, Jr., John Biggs, Jr.,* and *C. Stewart Lynch* for plaintiffs.

*Caleb S. Layton* (of Richards, Layton and Finger) for defendant, Continental-Diamond Fibre Company.

Superior Court for New Castle County, Nos. 10 and 11, May Term, 1930.

LAYTON, C. J., delivering the opinion of the Court:

The same questions are presented in each of the proceedings.

■■ In the case of Newark Lumber Company exceptions were filed to the statement of claim for the reason that the statement did not designate the amount claimed to be due on each of the buildings, factories or structures mentioned therein, as required by the statute, *Revised Code* 1915, § 2843, as amended by *Chapter* 225, *Vol.* 29, *Laws of Delaware.* It was contended that by the use of the word "factories" in the statement of claim, it sufficiently appeared that the defendant's property for which the materials were furnished consisted of an industrial or manufacturing plant or unit, but this Court held (*Newark Lumber Co. v. Continental-Diamond Fibre Co.,* 5 *W. W. Harr.* [35 *Del.*] 60, 157 *A.* 729), that the word did not supply the needed information and ordered the statement of claim dismissed, saying that it was impossible to distinguish the case from *Durney v. Diguglielmo,* 5 *Boyce* 289, 92 *A.* 850. There it was held that a statement of claim for work and labor, or materials, performed and furnished on two buildings owned by the same person but failing to designate the amount on each of the buildings, was fatally defective under the statute above cited. Where exceptions are sustained to a statement of claim in these proceedings, the lien is ordered to be stricken from the record and that the defendant have execution for his costs. 2 *Woolley's Prac.*, § 1407. However, a motion to amend the statement of claim was made, which, owing to change in the personnel of this Court and to the death of counsel for the defendant, has not been disposed of.

■■ The amendment moved is an allegation that the buildings and structures consist of "an industrial plant or unit, the said buildings and structures being used together

in the course of the same business, situate upon one enclosure of ground in the town of Newark, * * *'' together with a statement that it is impossible for the claimant to apportion between the various buildings the materials furnished, as required by the statute.

The question presented is whether the statement of claim is amendable, the time fixed by the statute for the filing of the statement having expired when the motion to amend was made.

The general rule is that an amendment to a statement of claim in mechanics' lien proceedings cannot be allowed after the expiration of the time for filing, in the absence of statutory authority therefor. 40 *C. J.* 253; 18 *R. C. L.* 943; 2 *Jones, Liens* (*3d Ed.*), § 1455; *Boisot, Mech. Liens, par.* 463; *Rockel, Mech. Liens, par.* 123; *Jefferson & Bros. v. Bryant,* 161 *N. C.* 404, 77 *S. E.* 341, *Ann. Cas.* 1915*A,* 58, and *note; Sebastian B. & L. Ass'n, et al., v. Minten, et al.,* 181 *Ark.* 700, 27 *S. W.* (*2d*) 1011; *McDonald, et al., v. Rosengarten,* 134 *Ill.* 126, 25 *N. E.* 429; *McGillivray, et al., v. District Tp. of Barton,* 96 *Iowa* 629, 65 *N. W.* 974; *Appalachian Marble Co. v. Masonic Temple Ass'n,* 79 *W. Va.* 471, 91 *S. E.* 403; *Tygart Valley Brewing Co. v. Vilter Mfg. Co.* (*C. C. A.*), 184 *F.* 845.

■■ A mechanics' lien is entirely of statutory origin and the law under which the lien arises is in derogation of the common law and must be strictly construed and pursued. The title under such lien is purely statutory and its validity depends upon an affirmative showing that every essential statutory step in the creation, contrivance, or enforcement of the lien has been duly taken. *Heitz v. Sayers,* 1 *W. W. Harr.* (31 *Del.*) 221, 113 *A.* 901. Under the statute (*Revised Code,* § 2843, *et seq.,* as amended) the lien is in contemplation upon performance of labor or furnishing of materials in pursuance of an express or implied contract with an owner of property, his agent, or a contractor, in

cases where the claimant is prepared to aver under oath and to prove that the work and labor was performed or the materials were furnished on the credit of the building or structure. *Voightmann & Co. v. Wilmington Trust Building Corporation*, 7 *Penn.* 265, 78 *A.* 920. The right to "obtain a lien" is subject to certain "restrictions, limitations and qualifications" of which one is that the claimant in his statement of claim must set forth "the locality of the building, house or structure with such description as may be sufficient to identify the same" and further, where the claim is against two or more buildings or structures, the claimant is required to "designate the amount which he claims to be due to him on each of said buildings or structures." A material man, such as are the present claimants, is required to file his statement of claim within ninety days from the last delivery of materials in the office of the Prothonotary for the County wherein such building or structure is situated. These statutory requirements are positive and substantial in character. It follows, therefore, that if the statement of claim fails to meet the requirements of the statute, the right to the lien is not implemented and the furnishing of materials does not become pregnant with lien; and, when the time for filing the statement of claim has expired, the Court is unable, by allowing an amendment to the statement of claim for the purpose of curing fatal defects, to breathe life into that which has no existence. The Court cannot assume to arrogate to itself the power to make a lien and thereby to destroy the provisions of the statute.

It is unnecessary to decide the second question raised, whether the amendment moved for meets the requirement of the statute.

The motions to amend are refused, and it is ordered that the defendant have execution for its costs.