HOWARD R. GREENHOUSE, Plaintiff, v. DUNCAN VILLAGE CORP., a corporation of the State of Delaware, BUILDING OPERATION HOLDING COMPANY, a corporation of the Commonwealth of Pennsylvania, and CONSTRUCTION UNLIMITED, INC., a corporation of the State of Delaware, Defendants.

(*September* 20, 1962.)

LYNCH, J., sitting.

*Samuel Spiller* and *Donald W. Booker* (of Coxe, Booker, Walls and Cobin) for Plaintiff.

*William F. Taylor* (of Morford, Young and Conaway) for Defendant Construction Unlimited, Inc.

*John M. Metten* for Defendant Duncan Village Corp. and Building Operation Holding Co.

Superior Court for New Castle County, No. 1284, Civil Action, 1961.

LYNCH, J.:

Plaintiff, an Architect, filed a Statement of Claim for Mechanic's Lien on September 12, 1961. The Statement of Claim alleged that the defendant Construction Unlimited, Inc. was the general contractor for whom the materials and labor was furnished, and that such materials and labor were furnished "pursuant to contracts made by Construction Unlimited, Inc. with Howard R. Greenhouse". The other defendants were referred to as either the owner or former owner of the premises on which the building were erected.

The case came on for trial on May 24, 1962. Plaintiff's evidence tended to show that Duncan Builders, Inc. was the general contractor on the building projects involved and not

Construction Unlimited, Inc., as alleged in the Statement of Claim. Duncan Builders, Inc. was not made a party defendant to the Statement of Claim.

Title 25 *Del. C.* § 2711 requires:

"(a) A contractor who (1) has made his contract directly with the owner or reputed owner of any structure; and (2) has furnished both labor and material in and for such structure, shall file no statement of claim until after the expiration of 90 days from the completion of such structure contracted for by him; but such contractor, in order to avail himself of the benefits of this subchapter, shall file his statement of claim within 30 days after the expiration of the 90-day period.

"(b) All other persons * * * entitled to avail themselves of the liens herein provided for shall file a statement of their respective claims, within 90 days from the completion of the labor performed or from the last delivery of materials furnished by them * * *."

After plaintiff had presented all of his testimony he moved to amend the Statement of Claim to conform to the evidence, this would have entailed dismissal of Construction Unlimited, Inc. as a party defendant since plaintiff's evidence did not tend to prove that corporation was involved in the negotiations and business transactions which led to the filing of the Statement of Claim. Plaintiff subsequently moved to amend the Statement of Claim by adding Duncan Builders, Inc. as a party defendant and naming it as "the general contractor".

Defendants objected to these motions. The Court continued the trial of the case so as to give counsel the opportunity to brief and argue their respective positions. Such briefs have been filed and oral argument held. The case is now ready for decision.

The Mechanic's Lien Law is a creature of statute. It is to be found in Title 25 *Del. C.*, as Chapter 27.

The title of Section 2712 of Title 25 reads as follows:

"Requirements of complaint or statement of claim"

Sub-section (a) of Section 2712 provides that those who seek to avail themselves "of the lien provided for in this chapter, shall, within the time specified in this chapter, file a statement of claim, which may also serve as a complaint * * *."

Sub-section (b) of this same Section provides:

"(b) The complaint and/or statement of claim shall set forth—

"(1) * * *;

"(2) * * *;

"(3) The name of the contractor, and whether the contract of the plaintiff-claimant was made with such owner or his agent or with such contractor; * * *."

Sub-section (c) of Section 2712 requires that "The complaint * * * shall be supported by the affidavit of the plaintiff-claimant that the facts therein are true and correct."

Plaintiff's Statement of Claim alleged that his work on the building projects were finished "on June 14, 1961". His motions for leave to amend so as to name Duncan Builders, Inc. as a party defendant and as "the general contractor" on the building project were made on May 24, 1962. Obviously, plaintiff did not comply with the provisions of Title 25 *Del. C.* § 2711(b), inasmuch as that cited section requires the Statement of Claim to be filed "within 90 days from the completion of the labor performed" as to which plaintiff seeks a Mechanic's Lien.

It is to be noted that the language of Title 25 *Del. C.* §

2712 is mandatory in form. The title thereof refers to the "requirements" of the complaint or Statement of Claim; the statute directs that the plaintiff "shall" comply with these requirements in the filing of his complaint and/or Statement of Claim. It is obvious that the plaintiff did not comply with the requirements of the cited section of the statute.

It is implicit from the holdings of our Supreme Court in *Oscar George, Inc. v. Potts*, 10 Terry 295, 49 Del. 295, 115 A. 2d 479 (1955) and *Di Mondi et al v. S. & S. Builders, Inc.*, 11 Terry (50 Del.) 123, 129, 124 A. 2d 725 (1956) that a party seeking the benefits of the Mechanic's Lien Statute must comply with the requirements thereof. At the page cited in *Di Mondi et al. v. S & S. Builders, Inc.*, *supra*, the Supreme Court said— "* * * we must take the statute as we find it * * *". Surely if the Supreme Court is bound by the statute the parties in this Court and the Court itself must conform with the statute.

In *Iannoti v. Kalmbacher, Executor*, 4 W. W. Harr. (34 Del.) 600, 603, 156 A. 366 (Super. Ct. 1931) it was held that a general contractor was a necessary party to a Mechanic's Lien proceeding. The discussion of the Court, appearing in 4 W. W. Harr. at p. 603, 156 A. at p. 367-368, sets out the reasoning for the decision. The Court said—

"* * * The main or original contractor is the only one who knows of the services or material furnished by the sub-contractor and the prices at which they were agreed to be furnished. The main [or general] contractor may be the only person who could allege and prove that the claim of the sub-contractor is unfounded or that he has been paid in whole or in part or make any other defense and avoid the lien. The final determination of the claim of the sub-contractor is in effect an adjudication of the rights of the main or original [or general] contractor. It establishes the amount of the contract between these parties. Under the terms of the statute the

owner is entitled to retain and withhold from the original [or general] contractor so much of the amount due to him under the original contract as may be necessary to discharge the lien of the sub-contractor and necessarily, therefore, the final settlement between the owner and the original [or general] contractor will depend upon the amount of liens obtained by a sub-contractor. It is axiomatic that the rights of the main [or general] contractor should not be finally determined in a proceeding to which he was not a party or in which he has had no opportunity to be heard."

At a later point on the same page of the citation the Court said:

"* * * All mechanics' lien proceedings are statutory * * *. The whole proceeding is in derogation of the common law * * *.The statute, therefore, must be strictly construed especially as to the obtaining and existence of the lien."

The Court later considered the point of time "as to when the parties must be made [or named]." The Court answered is own question (4 W. W. Harr. at 604, 156 A. at 368) as follows:

"* * * I am of the opinion that the making [or naming] of the essential parties arises upon the issuance of the writ of *scire facias* upon the praecipe of the claimant. At this stage of the proceedings the claimant, for the first time, seeks to bring into Court the necessary or indispensable parties so that the amount of his claim can be properly and legally adjudicated and, when so adjudicated, the claim can be established as a fixed and definite lien. The original contractor, * * *, is a necessary party to the proceedings and he should have been included in the writ of *scire facias*. * * *"

Certainly if the Court in the above cited case felt that the failure to name the general contractor as part of the proceedings as instituted was a defect, it necessarily follows.

that a belated effort—long after the expiration of the time limit fixed in the statute—to bring in what appears now to be the real "general contractor" must fail.

This Court has considered the propriety and efficacy of motions to amend incorrect Statements of Claim brought under the Mechanic's Lien Statute in *E. J. Hollingsworth Co. v. Continental Diamond Fibre Co.*, 6 W. W. Harr. 303 (36 Del.) 303, 306, 175 A. 266, 268 (Super Ct. 1934) and in the cited case said:

"The general rule is that an amendment to a statement of claim in mechanics' lien proceedings cannot be allowed after the expiration of the time for filing, in the absence of statutory authority therefor. * * *"

At a later point on the same page of the citation the Court said:

"* * * The title under such lien is purely statutory and its validity depends upon an affirmative showing that every essential statutory step in the creation, contrivance, or enforcement of the lien has been duly taken. * * * These statutory requirements are positive and substantial in character. It follows, therefore, that if the statement of claim fails to meet the requirements of the statute, the right to the lien is not implemented and the furnishing of the materials [or the doing of the labor] does not become pregnant with lien; and, when the time for filing the statement of claim has expired, the Court is unable, by allowing an amendment to the statement of claim for the purpose of curing fatal defects, to breathe life into that which has no existence. The Court cannot assume to arrogate to itself the power to make a lien and thereby to destroy the provisions of the statute."

It was ruled in *Oscar George, Inc. v. Potts, supra,* by our Supreme Court that where a decision of the Superior Court construing the Mechanic's Lien Law has been followed for a number of years and that statute has been re-enacted in *Dela-*

*ware Code* 1953, the Supreme Court on ground of public policy and under the rule of *stare decisis* would not overrule the decision. While I believe that amendments to Statements of Claim in Mechanic's Lien proceedings should be allowed, authority to grant the right to amend should come from the General Assembly in view of the passage of time since *E. J. Hollingsworth v. Continental Diamond Fibre Co., supra,* was decided. It is for the Bar Association of this State to take cognizance of a situation like this and prepare enabling legislation for the consideration of the General Assembly so that the Courts may be granted the power to permit amendments to Statements of Claim. The statute now does not provide for amendments.

For the several reasons heretofore set forth plaintiff's motions are denied. An order may be presented providing for denial of plaintiff's motions.