Edward B,ROWN, Intervening Defendant
below, Appellant,

v.

FEDERAL NATIONAL MORTGAGE AS-
SOCIATION, a corporation organized and
existing pursuant to the Federal National
Mortgage Association Charter Act, Assignee
of Fidelity Bond and Mortgage Company,
a corporation of the State of Pennsylvania,
Plaintiff below, Appellee.

No. 129, 1975.

Supreme Court of Delaware.

Submitted Feb. 13, 1976.

Decided May 24, 1976.

Eric Doroshow, Wilmington, for inter-
vening defendant-appellant.

Jeffrey S. Goddess, of Tybout & Red-
fearn, Wilmington, for plaintiff-appellee.

Before HERRMANN, C. J., and DUF-
FY and McNEILLY, JJ.

DUFFY, Justice:

This is a foreclosure action begun by
*scire facias sur mortgage* in the Superior
Court which entered an order of confirma-
tion following sale of the property. The
appeal is by the title holder, who contends
that the procedure followed by the Court
deprived him of due process of law.

I

The complaint alleges that on May 25,
1970 Cynthia Yvonne Parker (defendant)
held record title to the premises and gave a
mortgage thereon as security for a loan.
The following day she conveyed such title,
subject to the mortgage, to Edward Brown
(intervening defendant). The mortgage

was subsequently assigned to Federal National Mortgage Association (plaintiff). Payments on the mortgage were made by Brown, and accepted by plaintiff, until April 1974 but thereafter no payments were made, at least until the date of sale.

On November 6, 1974 plaintiff began a foreclosure action naming only Miss Parker as defendant. She did not appear and on January 23, 1975 counsel for plaintiff, pursuant to Superior Court Rule 55(b)(1), gave direction to the Prothonotary to enter a default judgment and that was docketed four days later.

The property was sold by the Sheriff on April 8, 1975, and a confirmation hearing was scheduled for May 9. However, on April 28 the Superior Court entered an order, on Brown's petition, permitting him to intervene in the proceeding and directing that a hearing on the merits of the case be held on May 2. The hearing was continued to May 5, whereupon an order was entered providing that "[c]onfirmation of the . . . sale . . . is stayed until further order of this Court." At that time, Brown's counsel advised the Court "that the basis of his challenge to the default judgment and subsequent sale rested upon a contention that . . . [Brown] had been a necessary party to the commencement of the *scire facias sur mortgage,* so that he should have been named in the original complaint." The Court continued the matter and on May 15 advised counsel that Brown was a proper party but not a necessary party, and that if he had any challenge to the default judgment or to confirmation of the sale (other than the contention that he should have been named in the complaint), he should file it within four days in support of a further stay of confirmation. On May 19, Miss Parker entered an appearance alleging, in effect, that she had never purchased the property, had never executed a mortgage and had never sold the property to Brown. The following day, Brown moved to set aside the sale alleging fraud, mistake or forgery.

Because this latter motion came after the four-day deadline set for additional motions, the Superior Court denied it, vacated the stay and confirmed the sale. This appeal followed.

## II

Mortgage foreclosures in the Superior Court are governed by 10 Del.C. § 5061 which provides as follows:

"Upon breach of the condition of a mortgage of real estate by nonpayment of the mortgage money, or non-performance of the conditions stipulated in such mortgage, . . . the mortgagee, . . ., may, at any time after the last day whereon the mortgage money ought to be paid, or other conditions performed, sue out of the Superior Court of the county, wherein the mortgage premises are situated, a writ of scire facias upon such mortgage directed to the sheriff of the county, and commanding him to make known to the mortgagor his heirs, executors, or administrators, that he, or they, appear before the court to show cause, if there is any, wherefore the mortgaged premises ought not to be seized and taken in execution for payment of the mortgage money, with interest, or to satisfy the damages which the plaintiff in such scire facias shall, upon the record, suggest for the non-performance of the conditions."

Brown argues that the statute is unconstitutional because it authorizes a foreclosure without provision for notice thereof to the record owner of title to the property. Specifically, he contends that such omission violates his right to due process. Alternatively, he argues that a foreclosure without notice violates certain rules of the Superior Court.

■ It is settled constitutional law that, absent special circumstances not present here, a person may not be deprived of a significant property interest without prior notice and an opportunity to be

heard. *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); cf. *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). Compare *Greyhound v. Heitner,* Del.Supr., 361 A.2d 225 (1976). And we deem it unnecessary to recite authority for the proposition that the record ownership of real property is a significant interest within the meaning of that principle. It follows that Brown was entitled to notice and an opportunity to be heard before he was deprived of legal title to the property here in issue.

 Since neither 10 Del.C. § 5061 nor any other statute requires that notice of a foreclosure action be given to the record title holder, it follows that there is a constitutional deficiency which requires correction. In the absence of a statutory procedure it is necessary for the Superior Court to promptly provide for such notice by Rule or general order as part of foreclosure proceedings commenced on or after May 24, 1976 so that the constitutional standards are met. Any holdings to the contrary in prior decisions, see, for example, *Shockley v. Abbott Supply Company,* Del.Supr., 11 Terry 510, 135 A.2d 607 (1957), are expressly overruled by this opinion which is applicable to this case and all foreclosure proceedings beginning after the date hereof.

Turning now to this appeal, it is apparent that Brown, the record title holder, had a due process right to notice of the foreclosure proceeding. He should have been named a party at the beginning of the action but it does not follow that dismissal is required because he was not. He is now a party to the action and nothing which occurred prior to his appearance, including entry of the default, may, for due process reasons, be applied against him. Compare *Schroeder v. City of New York,* 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962). Arguably, he may have had sufficient time between the date when he was permitted to intervene (April 28) and the date of the confirmation order (May 19) to at least notice the Court of the defense he wanted to make. But given the entry of a default (which could not bind Brown), the successive deadlines Brown faced and, particularly, the allegations of Miss Parker's motion, we conclude that justice requires a remand with full opportunity for exploration of the issues. Read together, the Parker and Brown motions raise serious questions of fraud and forgery in the sale of the property and execution of the mortgage.[1]

The judgment of the Superior Court denying Brown's motion to set aside the Sheriff's sale is reversed and the case is remanded for further proceedings consistent herewith.

\* \* \* \* \* \*

Reversed and remanded.

## ON MOTION FOR REARGUMENT

Plaintiff moved for reargument on several grounds, particularly as to the impact of the opinion on past land transactions.[2] Brown does not oppose a ruling which gives the opinion only prospective effect.

To the extent that plaintiff seeks modification or reversal of that part of the opinion which holds that a terre-tenant is enti-

---

1. In her motion seeking relief from the judgment, Miss Parker, in effect, denied that she ever owned the property or gave a mortgage on it. She stated in an affidavit that:
 " . . . she represents to the Court that the purported transfer of the property to her by the deed . . . ; the execution of the mortgage . . ., and the execution of the deed . . . were part of a fraudulent transaction initiated and executed by . . . [third person], entirely without advisement or knowledge or in-

 formation being given to her of said transaction."

2. The Real and Personal Property Committee of the Delaware State Bar Association filed a motion for leave to submit an amicus brief to demonstrate that the opinion should not be given retroactive effect. Since the opinion has been modified to achieve that result, the Committee's motion is moot and it will be denied.

tled to notice and an opportunity to be heard before he is deprived of legal title, the motion will be denied. That ruling is based on current Constitutional concepts which, in our view, are clearly applicable to foreclosure proceedings and which, indeed, are unchallenged by case or authority in any of the motions filed.

We emphasize that the opinion does not affect the traditional relationship between a mortgagee and a non-assuming transferee of title. It is directed entirely to procedural due process and not to property rights, except as they may be affected by failure to comply with Constitutional procedures. No special procedures are required; they need only meet the requisite standards of notice and an opportunity to be heard. In pending cases that may be accomplished by joining a terre-tenant as a party under Superior Court Rule 19.

\* \* \* \* \* \*

Reversed and remanded.