Malvin GELOF and Helen Gelof, Plaintiffs below, Appellants,

v.

FIRST NATIONAL BANK OF FRANKFORD, A. S. Landco, Inc., a Delaware Corporation, and Grise McCabe, Defendants below, Appellees.

Supreme Court of Delaware.

Submitted March 22, 1977.

Decided April 18, 1977.

Roy S. Shiels, of Brown, Shiels & Barros, Dover, for plaintiffs-appellants.

John E. Messick, of Tunnell & Raysor, Georgetown, for defendants-appellees.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

DUFFY, Justice:

The question presented in this appeal is whether the holder of equitable title to real property acquired at a tax sale is entitled to notice of a foreclosure action which will divest him of his interest in the property. We conclude that he is and, therefore, we reverse the judgment of the Superior Court.

## I

Under present Delaware law, a mortgagee may, upon nonpayment of the attendant debt or other breach of a condition of the mortgage, obtain a writ of *scire facias* in the Superior Court in the county in which the property is located, directing the mortgagor to appear and show cause why the property should not be seized and sold in satisfaction of the debt. 10 *Del.C.* § 5061. Only the "mortgagor, his heirs, executors, or administrators" are entitled to notice under the terms of the statute. If any such party fails to appear the Court is empowered to enter a judgment by default and direct that the mortgagee is entitled to execution by *levari facias*. 10 *Del.C.* § 5063.

The Sheriff may then seize the property and offer it for sale provided he complies with the other notice and sale requirements outlined in the Code. 10 *Del.C.* §§ 4971, *et seq.*, 5065.

Recently, this Court reviewed the constitutional sufficiency of Delaware's foreclosure procedure as applied to a record holder of title to real property. *Brown v. Federal National Mortgage Association*, Del.Supr., 359 A.2d 661 (1976). Therein we held that the record owner of title to real property is entitled to notice of any foreclosure proceeding which could adversely affect his interest. Today, we must decide whether we should broaden the scope of that decision to include a holder of equitable title to real property acquired at a tax sale.

## II

Briefly, the pertinent facts are these: In November 1972, A. S. Landco, Inc. (Mortgagor) gave to Harold and Shirley Marvel a purchase money mortgage to secure payment of a debt arising out of the sale of the property involved in this action. Subsequently, the mortgage was assigned to the First National Bank of Frankford (Mortgagee), one of the defendants herein. The Mortgagor failed to satisfy both its mortgage and tax obligations and a tax sale was held by the Department of Finance of Sussex County on April 24, 1975, at which

plaintiffs purchased title to the property.[1] Later that same year the Mortgagee began a foreclosure action and secured a default judgment against the Mortgagor on February 12, 1976. The property was sold by the Sheriff on April 6, 1976.

Plaintiffs, however, were not given notice of either the foreclosure proceeding or the Sheriff's sale. Upon becoming aware of the sale, they filed formal objections to its confirmation within the appropriate time period. Memoranda were exchanged and the Superior Court granted defendants' motion for summary judgment. This appeal followed.

### III

The analytical point of departure in *Brown* was the recognition that:

> "It is settled constitutional law that . . . a person may not be deprived of a significant property interest without prior notice and an opportunity to be heard." *Id.,* 359 A.2d at 662–63. (Citations omitted.)

Applying the settled principle to the facts of that case, we concluded that the Constitution requires that the record holder of title to realty must be accorded notice and an opportunity to be heard before being divested of a property interest by way of foreclosure, and we directed the Superior Court to provide for such notice as part of foreclosure proceedings.

*Brown* was based on the indisputable premise that record ownership of property was a constitutionally protected significant property interest within the meaning of that principle under current procedural due

process concepts.[2] And we were satisfied that the existence and identity of a record title holder could be readily ascertained by examination of the public title records without placing an unreasonable burden on a foreclosing mortgagee.

Those same considerations persuade us that an extension of the *Brown* rule is required here. Beyond any reasonable doubt, plaintiffs' equitable claim constitutes a significant property interest by due process standards. If uninterrupted, their claim would have matured into legal title at the expiration of the statutory redemption period (some three weeks after the Sheriff's sale). 9 *Del.C.* § 8776. See also 9 *Del.C.* § 8728. Moreover, the existence of such an interest and the identity of the holders thereof could have been easily ascertained by an examination of the public tax records.

■ We conclude that the holder of equitable title to real property acquired at a tax sale [3] has a due process right to prior notice of a foreclosure proceeding involving that property.[4]

\* \* \*

Reversed.

---

1. For Delaware's law on the collection of delinquent taxes, see 9 *Del.C.* § 8701, *et seq.*

2. For a more detailed examination of current procedural due process principles, see this Court's opinion in *Greyhound Corporation v. Heitner,* Del.Supr., 361 A.2d 225 (1976).

3. We were advised at oral argument that, under the prevailing practice, a lienholder is not given notice of foreclosure proceedings involving the encumbered property. Even though such an interest is not at issue here, we say for the guidance of the Bar that a lien of record clearly appears to be a significant property interest and that the holder thereof is entitled to prior notice of foreclosure proceedings.

4. Our holdings today, including that in footnote 2 above pertaining to a lienholder, are applicable to this case and to all foreclosure proceedings commenced after the date of this opinion. See *Brown v. Federal National Mortgage Association, supra.* In the absence of legislative action, the Superior Court shall provide for such notice in all foreclosure proceedings by Rule.