**FIRST FLORIDA BUILDING CORPORATION, Plaintiff,**

v.

**The ROBINO–LADD COMPANY, Inprojet Corp., Reston Development Co., Inc., I. S. Development Corp., Inc., Defendants.**

Superior Court of Delaware,
New Castle County.

Argued Oct. 7, 1980.

Decided Oct. 17, 1980.

Reargument Denied Nov. 12, 1980.

Gary W. Aber of Biggs & Battaglia, Wilmington, for plaintiff.

Daniel H. Krapf of Morris, James, Hitchens & Williams, Wilmington, for defendants.

BALICK, Judge.

This is a motion to dismiss a mechanic's lien action on the ground that the current owner of the structure is not named in the statement of claim and is not joined as a party defendant.

25 *Del.C.* § 2712 says as follows:

"(a) Every person entitled to the benefits conferred by this chapter and desiring to avail himself of the lien provided for in this chapter, shall, within the time specified in this chapter, file a statement of claim, which may also serve as a complaint when so denominated, in the office of the Prothonotary of the Superior Court in and for the county wherein such structure is situated.

(b) The complaint and/or statement of claim shall set forth:

(1) The name of the plaintiff or claimant;

(2) The name of the owner or reputed owner of the structure;

(3) The name of the contractor and whether the contract of the plaintiff-claimant was made with such owner or his agent or with such contractor;

\*   \*   \*   \*   \*   \*

Defendants rely on the authority of *Electronic Methods Associates, Inc. v. Wilmington Engineering, Inc.*, 4052 C.A. 1977 (Christie, J., unreported, November 21,

1977). In that case, the plaintiffs named the owners in the body of the statement of claim, but omitted them from the caption and did not join them as party defendants. The court explained that it is essential that the owners be named as defendants in the caption at the outset, so that the lien will be recorded for the purpose of title examination, and that failure to do so may not be corrected by amendment after the statutory period for filing a mechanic's lien has passed.

*Electronic Methods* is distinguishable from the present case. In *Electronic Methods*, no owner was named as a defendant in the caption of the statement of claim. In the present case there were transfers of title to the property between the date of the contract and the filing of the statement of claim. The caption of the statement of claim names the owner on the date of the contract and owners as of the completion of the contract as defendants, but does not name the owner on the date of filing. Defendants contend that the statutory requirement refers to the owner on the date of filing. On the contrary, *Carswell v. Patzowski*, Del.Super., 55 A. 342 (1903) holds that the statute refers to the owner on the date of the contract, not the owner on the date of filing.

Defendants contend that the statute is unconstitutional if it does not require the owner on the date of filing to be joined as a party defendant. Defendants correctly point out that the current owner of the property has an important interest at stake and therefore has a constitutional right to notice and opportunity to be heard. Cf. *Brown v. Federal National Mortgage Association*, Del.Supr., 359 A.2d 661 (1976). If follows that the current owner is a necessary party under Civil Rule 19. Cf. *Carswell v. Patzowski*, Del.Super., 55 A. 342, 343. It is the defendants' position that the current owner may not be added as a party after the statutory time for filing a mechanics' lien action has passed. This contention is based on confusion between statutory requirements for obtaining a mechanics' lien and the provisions in the court rules on joinder of necessary parties. There is some basis for this confusion in the statute and cases interpreting it.

There is an analogous series of cases dealing with the statutory requirement that the name of the contractor shall be set forth in the statement of claim. *Iannotti v. Kalmbacher*, Del.Super., 156 A. 366 (1931), distinguishes between the statement of claim, which creates the lien, and the writ of scire facias, which brings the parties into court for adjudication of the obligation on which the lien is based. Judge Rodney explained that the only statutory requirement is that the name of the contractor must be set forth in the body of the statement of claim, but there is no statutory requirement that the contractor be named as a party in a caption in the statement of claim, although it is an excellent practice to do so. He nevertheless held that the contractor is a necessary party to the proceedings adjudicating the obligation, and must therefore be made a party in the writ of scire facias. He expressed no opinion on whether failure to do so could be corrected later. In *Westinghouse Elec. Co. v. Franklin Institute of Pa.*, Del.Super., 21 A.2d 204 (1941), it was held that failure to make the contractor a party defendant in the writ of scire facias could be corrected beyond the statutory filing period. In *Greenhouse v. Duncan Village Corp.*, Del.Super., 184 A.2d 479 (1962), it was held that omission of the name of the contractor from the statement of claim could not be corrected by amendment because substantial requirements in the chapter on mechanics' liens must be met within the statutory period. 25 *Del.C.* § 2711; *E. J. Hollingsworth Co. v. Continental-Diamond F. Co.*, Del.Super., 175 A. 266 (1934).

The holding in *Greenhouse* is consistent with *Iannotti* and *Westinghouse Electric*. In *Iannotti* and *Westinghouse Electric*, the statutory requirement that the contractor shall be set forth in the statement of claim was met, but the contractor was not made a party defendant. Since joinder of the contractor as a party is not a statutory requirement, failure to do so could be corrected later. In *Greenhouse*, the statutory re-

quirement that the contractor shall be set forth in the statement of claim was not met. Under *Hollingsworth*, failure to satisfy a statutory requirement could not be corrected after the statutory filing period had passed.

In the present case we are concerned with the express statutory requirement that the name of the owner—not the contractor—must be set forth in the statement of claim. Although there is no express statutory provision that the owner must be named as a party defendant in a caption to the statement of claim or in the writ of scire facias, such a requirement is necessarily implied from the purpose and language of the chapter in mechanics' liens, particularly when read in connection with the Rules of Civil Procedure for the Superior Court. See 10 *Del.C.* § 561.

The purpose of the chapter is to permit "any person having performed or furnished labor or material" to obtain a lien against the property before the obligation is adjudicated. 25 *Del.C.* § 2702; *Iannotti v. Kalmbacher, supra.* § 2711 gives the time limits for filing a statement of claim. § 2712, quoted above, refers to the "plaintiff-claimant." § 2714 provides that proceedings shall be by writ of scire facias in the form prescribed by the Superior Court. § 2724 provides for a Mechanics' Lien Docket, in which "each claim filed," "the names of the parties, plaintiff and defendant," and other information shall be entered.

Civil Rule 3(a) provides that "an action is commenced by filing with the Prothonotary a complaint or, if required by statute, a petition or statement of claim, all hereafter to be referred to as a 'complaint' and a praecipe directing the Prothonotary to issue the writ specified therein." Rule 10(a) provides that every pleading shall "contain a caption setting forth the name of the Court, the title of the action.... In the complaint the title of the action shall include the names of all the parties...." Civil Form 12 shows that the complaint and statement of claim for mechanics' lien has a caption naming the parties plaintiff and defendant, and indicates that the defendant is the owner of the structure. Civil Form 1(q) shows that the writ of scire facias also contains a caption setting forth the title of the action including the names of the parties plaintiff and defendant.

If the owner on the date of the contract is named as a party defendant in the caption of the statement of claim, the lien will be recorded in the Mechanics' Lien Docket, thus giving title examiners notice of the lien, even if title has been transferred and the current owner is not named. This important consideration, as expressed by Judge Christie in *Electronic Methods*, where no owner was named as a party defendant, is thus satisfied. On the other hand, if the lien is not docketed under an owner's name within the statutory filing period, title examiners would not necessarily have notice of the lien, which relates back to the date labor or furnishing of material was begun. 25 *Del.C.* § 2718. Thus, although § 2712 does not expressly refer to the owner as the defendant, it was intended that the owner of the structure shall be a party defendant and shall be named as a party defendant in the caption of the statement of claim in every mechanic's lien action. The statement in *Iannotti* that there is no statutory requirement that the contractor shall be named as a party defendant in the caption of the statement of claim is not necessarily inconsistent with this, since the contractor is not in the chain of title and indeed might be the plaintiff. Moreover, *Iannotti* was decided before the present rules of procedure were adopted.

In the present case, the owner on the date of the contract was set forth in the statement of claim and was made a party defendant in the caption of the statement of claim and writ of scire facias. The statutory requirement was thus met. The rule that a failure to meet a statutory requirement may not be corrected after the statutory time for filing a mechanic's lien has passed therefore has no application. Although there is no similar statutory requirement with regard to the current owner, for the reason given above the current owner is nevertheless a necessary party under Rule

19. Rule 19 expressly provides that an action shall not be dismissed unless an indispensable party cannot be joined. Thus, joinder of the current owner, in accordance with the court rules, will satisfy the constitutional requirement of notice and opportunity to be heard, notwithstanding the absence of a statutory requirement. *Brown v. Federal National Mortgage Association, supra.*

■ In sum, I conclude that the plaintiff has named the owner on the date of the contract and made the owner a party defendant in the caption of the statement of claim and writ of scire facias, as required by statute and court rules, but has failed to join a necessary party, the current owner of the structure, as required by Rule 19. Plaintiff shall therefore submit an order denying the motion to dismiss and adding the current owner as a party defendant.

### Motion for Reargument

By motion for reargument the defendants further argue that failure to name the current owner of the property as a party defendant within the statutory filing time might cause prejudice to the current owner and to third parties dealing with the property. Although some extra effort might be needed, the existence of a mechanic's lien can readily be discovered if the owner on the date of the contract is named as a defendant within the statutory filing time. Since the court has held that the current owner is a necessary party to a mechanic's lien action, the current owner should be made a party defendant in the caption of the statement of claim and writ of scire facias. But since this is not a statutory requirement for obtaining a mechanic's lien, the remedy for failing to name the current owner is not dismissal of the mechanic's lien action, but adding the current owner as a party defendant.

The defendants also argue that the chapter on mechanics' liens violates due process of law because it allows the creation of a prejudgment lien on the filing of a statement of claim without requiring the lienor to post security or providing the owner with the right to an immediate hearing. *Roundhouse Const. Corp. v. Telesco Masons Sup.,* Conn.Supr., 168 Conn. 371, 362 A.2d 778 (1975), 365 A.2d 393 (1976); *Barry Properties, Inc. v. Fick Bros. Roofing Co.,* Md. App., 277 Md. 15, 353 A.2d 222 (1976). Since this contention was not raised earlier, I shall not consider it on motion for reargument.

The defendants' motion for reargument is therefore denied.